IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KAREN McPETERS, individually, and on behalf of those individuals, person and entities who are similarly situated, | § § § | |
| *Plaintiff,* | § | CIVIL ACTION NO. 5:11-cv-154 |
| | § | |
| v. | § | |
| | § | |
| LEXISNEXIS, a division of REED ELSEVIER, INC., | § § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant LexisNexis, a division of Reed Elsevier Inc., ("LexisNexis"), through undersigned counsel, hereby removes this action from the 225th Judicial District in Bexar County, Texas to this Court, based on diversity of citizenship jurisdiction, pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, § 4(a), 119 Stat. 9) and 1441. In support of removal, LexisNexis alleges as follows:

### I.  STATE COURT ACTION

1.     On or about January 24, 2011, plaintiff Karen McPeters ("Plaintiff") filed Plaintiff's Original Petition (the "Petition") in Cause No. 2011CI-01119, in the 225th Judicial District in Bexar County, Texas, entitled: *Karen McPeters, individually and on behalf of those individuals, persons and entities who are similarly situated v. LexisNexis, a division of Reed Elsevier, Inc.* (the "State Court Action"). The Petition was served on LexisNexis on or about January 27, 2011. On or about February 21, 2011, Plaintiff filed Plaintiff's First Amended Petition (the "Amended Petition").

AUS:0518025/00025:453409v1

2.      Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the entire file of record with the Court in the State Court Action, including all process, pleadings, and orders served upon the Removing Parties in this action.

## II.      PROCEDURAL REQUIREMENTS

3.      This Notice of Removal is timely under 28 U.S.C. § 1446(b), insofar as it is being filed within thirty (30) days of receipt by LexisNexis of a copy of the Petition setting forth the claims for relief upon which this action is based.

4.      This action is properly removed to this Court, as the State Court Action is pending within this district and division.  28 U.S.C. §§ 1441, 1446(a).

5.      Pursuant to 28 U.S.C. § 1446(d), LexisNexis is also simultaneously filing a copy of this Notice of Removal in the 225th Judicial District Court of Bexar County, Texas.  A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[1]

## III.      DIVERSITY OF CITIZENSHIP

6.      This Action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(d), and may be removed to this Court pursuant to 28 U.S.C. § 1441(a).   Specifically, this Action is properly removed to this Court under the rules for diversity of citizenship jurisdiction under the Class Action Fairness Act of 2005, Pub. L. 109-2, § 4(a), 199 Stat. 9, on the grounds specified below.

7.      The Class Action Fairness Act of 2005 amended 28 U.S.C. § 1332 to provide that a putative class action is removable to federal court if (a) the proposed class members number at

---

[1] LexisNexis has not included Exhibit 1 to the state court removal notice in Exhibit B because Exhibit 1 is a copy of the notice of removal filed in this Court.

least 100; (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; (c) and any member of a class of plaintiffs is a citizen of a state different from any defendant.

8.     The proposed class members number at least 100.  The proposed class is alleged as "the class of persons subjected to LexisNexis' E-filing plan, and forced to pay fees and charges to LexisNexis," which according to Plaintiff consists of more than 16,000 litigants since 2000.  (*See* Pet. ¶ 54(1).)  (*See* Amended Pet. ¶ 101(1).)

9.     At least one plaintiff and one defendant are citizens of different states as:

(a)     LexisNexis is informed and believes that, at the time this Action was commenced, Plaintiff and the majority (if not all) of the putative class members were citizens of the State of Texas within the meaning of 28 U.S.C. § 1332(a).  (*See* Pet. ¶ 2.)  (*See* Amended Pet. ¶ 2.) (alleging that Plaintiff is a citizen of San Antonio, Texas, Bexar County and complaining of fees charged within the State of Texas); and

(b)     Defendant LexisNexis is a division of Reed Elsevier Inc., which is now, and was at the time this Action was commenced, a citizen of Massachusetts and Ohio within the meaning of 28 U.S.C. §1332(c), because Reed Elsevier Inc. is a Massachusetts corporation with LexisNexis' principal place of business in Ohio.  *See* Declaration of Thomas A. Smith, dated February 22, 2011, attached hereto as **Exhibit C.**

(c)     Because Plaintiff is a resident of Texas and Defendant is a citizen of Massachusetts and Ohio, complete diversity exists.

10.     Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper.  *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (affirming district court's conclusion that it was "more probable than not" that damages were over the jurisdictional minimum where the total

- 3 -

amount of relief was not stated in the petition); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("[t]he test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum].") Defendant is informed and believes, and on that basis alleges, without admitting that Plaintiff and/or the class she purports to represent could recover such damages, that the amount in controversy in this Action exceeds $5,000,000, exclusive of interest and costs, on the following grounds:

(a)  Plaintiff, individually and on behalf of all similarly situated civil litigants, seeks compensation for actual damages, statutory damages, exemplary damages and reasonable attorneys' fees. (*See* Pet. ¶ 59.) (*See* Amended Pet. ¶ 107.)

(b)  Based upon LexisNexis' initial calculations of filing fees paid on behalf of Montgomery County and Jefferson County litigants since 2002, actual damages could exceed $7,000,000. *See* Affidavit of Richard Steiner at ¶ 5, dated February 24, 2011, attached hereto as **Exhibit D**.

(c)  Plaintiff seeks treble damages under the Texas Deceptive Trade Practices Act. *See* Pet. ¶ 46. TEX. BUS. & COM. CODE § 17.50(b).

(d)  Plaintiff seeks attorneys' fees under the Texas Deceptive Trade Practices Act. *See* Pet. ¶ 47. The $5,000,000 jurisdictional minimum can account for attorneys' fees, when such fees are statutory. *Hartis v. Chicago Title Ins. Co.*, 2009 U.S. App. LEXIS 5372 (8th Cir. 2009).

(e)  Plaintiff seeks damages for conduct chargeable as felony theft in the third degree or higher under the Texas Penal Code, chapter 31, which Plaintiff argues are exempt from the cap on exemplary damages. *See* TEX. CIV. PRAC. & REM. CODE § 41.008(b), (c)(13).

(e)     Plaintiff seeks other undefined exemplary damages, which can be calculated towards the $5,000,000 minimum jurisdictional amount. *See Stull v. YTB Int'l, Inc.*, 2010 U.S. Dist. LEXIS 108876 (S.D. Ill. 2010) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount.").

(f)     Taking into account treble damages, statutory attorneys' fees, and exemplary damages, the amount in controversy more likely than not exceeds $5,000,000.[2]

(g)     In addition, Plaintiff seeks an injunction "to prohibit the continuing threatened taking by LexisNexis of its 'charges' for on-line E-filing." (*See* Amended Pet. ¶ 68). The amount in controversy in an action for declaratory or injunctive relief can be characterized as "the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998). The value of future charges Plaintiff seeks to enjoin LexisNexis from collecting alone more likely than not exceeds the amount in controversy.

(h)     Any uncertainties regarding whether the amount in controversy minimum is met should be decided in favor of jurisdiction. *See* S.Rep. No. 109-14 at 42 (2005) ("if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case"); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448-49 (7th Cir. 2005) (defendant need only demonstrate a reasonable probability that an amount satisfying CAFA's minimum is being claimed).

---

[2] By presenting data regarding the amount in controversy, LexisNexis does not waive any affirmative defenses that may be asserted in the future.

11.     Because Plaintiff and Defendant are citizens of different states, there is complete diversity between the parties.  Further, because there is complete diversity and because the amount in controversy threshold is met, the requirements for removal under 28 U.S.C. § 1332(d) and 1441(a) are satisfied.

12.     Pursuant to 28 U.S.C. § 1446(d), LexisNexis will promptly give written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice with the Deputy Clerk of the 225th Judicial District Court of Bexar County, Texas.

## IV.     PRAYER

WHEREFORE, LexisNexis respectfully serves notice that Cause No. 2011CI-01119 from the 225th Judicial District Court of Bexar County, Texas, is removed to this Court.

AUS:0518025/00025:453409v1

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP

By: _Amanda M. Schaeffer_

Robert T. Mowrey
Texas Bar No. 14607500
2200 Ross Avenue, Suite 2200
Dallas, TX 75201-6776
(214) 740-8000
(214) 740-8800 (Facsimile)
rmowrey@lockelord.com

B. David L. Foster
Texas Bar No. 24031555
Amanda M. Schaeffer
Texas Bar No. 24059115
100 Congress Ave., Suite 300
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)
dfoster@lockelord.com
aschaeffer@lockelord.com

PAUL HASTINGS JANOFSKY & WALKER, LLP

John G. Parker
Georgia Bar No. 562425*
J. Allen Maines
Georgia Bar No. 466575*
Emily L. Shoemaker
Georgia Bar No. 558138*
S. Tameka Phillips
Georgia Bar No. 245633*
600 Peachtree Street, N.E.
Twenty-Fourth Floor
Atlanta, GA 30308
(404) 815-2400
(404) 685-5252 (Facsimile)

*Pro hac vice applications forthcoming*

ATTORNEYS FOR DEFENDANT LEXISNEXIS,
A DIVISION OF REED ELSEVIER, INC.

AUS:0518025/00025:453409v1

## CERTIFICATE OF SERVICE

I certify by my signature below that a true and correct copy of the above has been forwarded as indicated to the following on this 25th day of February, 2011.

**VIA U.S. MAIL**
Robert L. Mays, Jr.
8626 Tesoro Drive
San Antonio, Texas 78217

_Amanda M. Schaeffer_
Amanda Schaeffer

RUN DATE: 02/24/2011 Baxer County Centralized Docket System Pg: 1  PGM: DKB4980P
RUN TIME: 14:27:25                                                 JCL: APPROD

* D O C K E T   I N F O R M A T I O N *

CAUSE NUM: 2011CI01119
DATE FILED: 01/24/2011        COURT: 225      UNPAID BALANCE:     0.00
TYPE OF DOCKET: CONSUMER/DTPA
* * * S T Y L E * * *
    KAREN MCPETERS
    VS LEXISNEXIS A DIVISION OF REED ELSEVIER INC

ACCOUNT TYPE:              ACCOUNT NO:
ACCESS: 0                  STATUS: PENDING
LIST TYPE: G

* L I T I G A N T   I N F O R M A T I O N *
SEQ   LAST /FIRST /MIDDLE NAME          LIT. TYPE/ATTORNEY        DATE

00001 MCPETERS KAREN                    PLAINTIFF                 01/24/2011
                                          00001 MAYS JR, ROBERT L

00002 LEXISNEXIS A DIVISION OF REED ELSEV  DEFENDANT             01/24/2011

* S E R V I C E S   I N F O R M A T I O N *
SEQ   SERVICE TYPE / DATES          DIST   LITIGANT NAME

00001 CITATION CERTIFIED MAIL          150
        ISS: 01/24/2011  REC: 01/24/2011  EXE: 01/27/2011  RET: 01/31/2011

00002 CITATION CERTIFIED MAIL          150
        ISS: 02/18/2011  REC:          EXE:          RET:

* A T T O R N E Y   I N F O R M A T I O N *
SEQ  DATE FILED  BAR NBR.  NAME                    STATUS      DATE

00001 01/24/2011  13595200  MAYS JR, ROBERT L        SELECTED   01/24/2011

* P R O C E E D I N G   I N F O R M A T I O N *
SEQ      DATE FILED       REEL    IMAGE    PAGE COUNT

00001    01/24/2011       0000    0000      0000
         DESC: PLAINTIFF'S ORIGINAL PETITION
00002    01/24/2011       0000    0000      0000
         DESC: CIVIL CASE INFORMATION SHEET
00003    01/24/2011       0000    0000      0000
         DESC: REQUEST FOR
               CIT CML
00004    01/24/2011       0000    0000      0000
         DESC: SERVICE ASSIGNED TO CLERK 1
00005    01/24/2011       0000    0000      0000
         DESC: JURY DEMAND JURY FEE PAID
00006    01/25/2011       0000    0000      0000
         DESC: NOTICE OF



EXHIBIT
A

RUN DATE: 02/24/2011 Bexar County Centralized Docket System Pg: 2  PGM: DKB498BP
RUN TIME: 14:27:25                                                 JCL: SPPROD

---

         COMPLIANCE WITH TEX.BUS & COMM.CODE
         17.501
00007   02/17/2011        0000      0000      0000
         DESC: SERVICE ASSIGNED TO CLERK 3
00008   02/17/2011        0000      0000      0000
         DESC: REQUEST FOR
         CIT CML
00009   02/17/2011        0000      0000      0000
         DESC: FIRST AMENDED PETITION
         OF KAREN MCPETERS
00010   02/21/2011        0000      0000      0000
         DESC: NOTICE OF
         COMPLIANCE WITH TEX. BUS & COMM CODE
         17.501 OF KAREN MCPETERS
00011   02/22/2011        0000      0000      0000
         DESC: RULE 11 AGREEMENT
00012   02/22/2011        0000      0000      0000
         DESC: FAX MEMO/LETTER RECEIVED FROM
         FR ASHLEE MCFARLANE
00013   02/22/2011        0000      0000      0000
         DESC: EMAILED COPY OF:
         COPIES OF ENTIRE E-MAILED TO AMCFARLANE
         @LOCKELORD.COM

              * T R I A L    I N F O R M A T I O N *
      SEQ    DATE FILED        COURT          SETT. DATE TIME      ATTY


              * O R D E R    I N F O R M A T I O N *
      SEQ   DATE FILED  JUDGE NAME        VOLUME   PAGE  PAGE CNT  AMOUNT  SOP


              * B O N D    I N F O R M A T I O N *
      SEQ    DATE FILED   PRINCIPAL

2011CI01119  P00009

CAUSE NO. 2011-CI-01119

| | | |
|---|---|---|
| **KAREN McPETERS**, individually, and on behalf of those individuals, persons and entities who are similarly situated<br>    Plaintiff | § § § § § | IN THE DISTRICT COURT |
| vs. | § § § | 225TH JUDICIAL DISTRICT |
| **LEXISNEXIS, a division of<br>REED ELSEVIER, INC.**<br>    Defendant | § § § | BEXAR COUNTY, TEXAS |

Rendered as running text:

**KAREN McPETERS**, individually, and on behalf of those individuals, persons and entities who are similarly situated
    Plaintiff

vs.

**LEXISNEXIS, a division of
REED ELSEVIER, INC.**
    Defendant

IN THE DISTRICT COURT

225TH JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE PRESIDING:

Now comes Karen McPeters ("McPeters"), individually and on behalf of those individuals, persons and entities similarly situated, and files her Plaintiff's First Amended Petition complaining of **LexisNexis, a division of Reed Elsevier, Inc.,** and states:

## DISCOVERY

1.  Discovery is to be conducted under Rule 190.3, Texas Rules of Civil Procedure, as Level 2 discovery.

## PARTIES

2.  Plaintiff **Karen McPeters** is an individual residing in San Antonio, Texas. At all times relevant to this lawsuit, Plaintiff Karen McPeters was a resident of Bexar County, Texas. Karen McPeters brings suit on her behalf and, upon leave of court pursuant to *Tex. R. Civ. P.* 42, on behalf of those individuals, persons and entities similarly situated.

-1-

02/25/2011   08:15    2103350536                    BCDC 2ND FLR RECORDS                    PAGE   04

3.    Defendant LexisNexis, a division of Reed Elsevier, Inc., is a foreign corporation

from the Netherlands, with its principal Texas corporate office in Dallas, Texas,

registered to do business in Texas, which was served with process by certified mail

pursuant to *Texas Rules of Civil Procedure* 106(a)(2) by delivering the petition and

citation to its registered agent, C T Corporation System, 350 North St. Paul St.,

Dallas, Texas 75201 on January 27, 2011.

## JURISDICTION AND VENUE

4.    This court has original jurisdiction of the parties and claims pursuant to *Tex. Gov't*

*Code* §24.007. Venue is proper in Bexar County, Texas, pursuant to *Tex. Civ. Prac.*

*& Rem. Code* §15.002, Tex. Bus. & Comm. Code §15.21(a)(1), *Texas Free*

*Enterprise and Antitrust Act of 1983*, and Tex. Bus. & Comm. Code §17.56, *Texas*

*Deceptive Trade Practices-Consumer Protection Act* ("DTPA" or "Consumer

Protection Act"). Facts supporting permissive venue are set forth below.

5.    Plaintiff was a resident of Bexar County at all times relevant to the claims asserted

herein. A substantial part of the events or omissions giving rise to the claims

occurred in Bexar County, Texas. Plaintiff received invoices and demands for

payment in Bexar County. Plaintiff transmitted payments from Bexar County.

Plaintiff complied with mandatory E-filing of documents from Bexar County.

Plaintiff received correspondence and threats related to E-filing in Bexar County.

*Tex. Civ. Prac. & Rem. Code* §15.002(a)(1); DTPA §17.56(1). No mandatory venue

provision applies in this case.

6.    The defendant, LexisNexis, is represented by counsel residing in Georgia. Its

principal corporate office is in Dallas. Defendant is a subsidiary of a foreign

corporation situated in Amsterdam. Plaintiff and her counsel reside in Bexar County.

### Summary of the Case

LexisNexis is part of a foreign corporation based in the Netherlands. Since the year 2000, it, or a predecessor, has controlled access to at least one district court in Montgomery County, Texas. At some point, Jefferson County joined in. This happened because a district judge decided to give a blank check to LexisNexis to charge whatever it wanted as a mandatory condition of accessing his court.

The judge's written order is seldom filed in any case, but routinely enforced. The order assures that "a minimal fee is assessed for each filing," ("E-filing") but no fee is set. No one reviews the charges. As a result, LexisNexis charges nearly $16 for every piece of paper filed. Those charges are unconscionable when compared with the cost of following the Texas Rules of Civil Procedure and when compared with other Texas providers. This is no "minimal fee"; it is an unconscionable fee.

LexisNexis claims to act as the official agent of a District Clerk with authority to regulate access to Texas courts. The Texas Supreme Court never agreed. LexisNexis charges are an unconstitutional barrier to open courts according to authority from both the Texas Supreme Court and the Texas Attorney General. There is no precedent for this barrier. The charges are like a poll tax. Minorities, the poor, elderly and the less educated are likely to be denied their day in court. Is it reasonable to require them to be computer literate? Payment for justice is now a fact of life, but should it be?

## FACTS RELEVANT TO STATUTORY CLAIM

7.    The LexisNexis charges for on-line E-filing in Montgomery County. It conceals

those charges from Karen McPeters, and other similarly situated persons and entities.

At the time of document filing no charges are shown. Karen McPeters only learned

that she was being billed and the amount of the charges, when LexisNexis sent bills

to her lawyer beginning about March 6, 2009. Charges to litigants are not found on

the Montgomery County District Clerk's web site nor are they found on the web

pages of the district judges who make such filing mandatory in their courts, most notably the web page of the Honorable Frederick Edwards, 9th District Court.

8.  LexisNexis charges are unconscionable and excessive as compared to (1) the cost of filing under the Texas Rules of Civil Procedure, and (2) the charges of other providers of E-filing services (TexasOnline). Approximately 252 counties in Texas do not charge to file a paper copy of a motion or pleading in their district courts, other than filing fees charged at the time of filing the lawsuit.

9.  TexasOnline charges $7.24 to E-file a document and shows the charge at the time of filing. LexisNexis charges $15.98 (including tax) to E-file a document in the two counties that it services and does not disclose its charges at the time of filing. It charges $7 for filing and $8 for service; service is mandatory.

10. As an example:

| | LexisNexis | Bexar County District Clerk | TexasOnline |
|---|---|---|---|
| (a) Filing a change of address | $ 15.98 | $ 0.00 | $ 0.00 |
| (b) Filing vacation letter | 15.98 | 0.00 | 0.00 |
| (c) Filing motion to compel discovery | 15.98 | 0.00 | 7.24 |
| (d) Filing a motion to shorten time | 15.98 | 0.00 | 7.24 |

11. LexisNexis' charges are unlawful under the *Tex. Gov't Code* §51.317 and *Tex. Gov't Code* §101.061 which set the fees that are allowed to be charged to Texas litigants.

12. LexisNexis' charges duplicate part of the fees charged by the district clerk when each lawsuit is filed. A litigant is forced to pay twice for the same service – filing.

13. LexisNexis previously charged $5.00 to mail an invoice to each litigant, and now charges $10.00 to mail an invoice.

- 4 -

14.   LexisNexis made unlawful threats for collection including a threat to report each

nonpaying litigant to the Texas State Bar and to the judge presiding in the case.

15.   LexisNexis misrepresented that mandatory E-filing and its charges were lawful when

*Tex. R. Civ. Proc.* 5 states the requirement for filing court documents. Furthermore,

the Texas Supreme Court ruled eighteen years ago that documents are considered

filed when they reach the court. *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex.

1993).

16.   LexisNexis made deceptive claims that it was an agent of the Montgomery County

District Clerk.  In fact, LexisNexis stated, "LexisNexis has been acting in

furtherance of official duties." The Montgomery County District Clerk denied that

claim on August 3, 2010 when it argued to the Ninth Court of Appeals that

LexisNexis' charges were not court costs but were actually convenience fees.

17.   The charges by LexisNexis are a violation of the Texas constitutional guarantees of

open access to the courts as interpreted by the Texas Supreme Court in *LeCroy v.*

*Hanlon,* 713 S.W.2d 335 (Tex. 1986) and by the Texas Attorney General in

Opinions GA-0231 and JM-384. Therefore, LexisNexis clearly knew that its conduct

was unlawful.

18.   LexisNexis' charges are unconscionable because they violate the rules of procedure,

statutes, case law, orders of the Texas Supreme Court and the Montgomery County

district court and the Texas constitutional guarantee of unrestricted access to open

courts.

**-5-**

02/25/2011  08:15    2103350536                    BCDC 2ND FLR RECORDS                    PAGE  08

19.    **A non-U.S. foreign corporation has no authority, through its charges, to either allow or prevent access to Texas courts by the citizens of Texas.**

20.    LexisNexis' charges deprive the poor, the less educated, the elderly, and minorities of their day in court by raising a continuing and increasing financial barrier. Further, E-filing requires computer literacy; one cannot compel that skill and experience as a prerequisite for seeking justice.

21.    LexisNexis states that a free computer terminal is available in the Montgomery County District Clerk's office so that some litigants can avoid the unconscionable charges if desired.  The terminal, however, is no solution for out-of-county litigants and those who seek to file by mail under the *Texas Rules of Civil Procedure*. One cannot reasonably require a litigant to drive to the courthouse in Montgomery County each time he or she wishes to file a document.  Moreover, the terminal directs users to subscribe to LexisNexis, thus subjecting each to the same charges that are the subject of this litigation.

22.    The terminal is a barrier to open courts because it is the purported justification for rejecting paper filings or documents that are mailed in to the District Clerk.

23.    LexisNexis also states that parties have the option of filing a motion to obtain permission to file documents under the *Texas Rules of Civil Procedure* rather than incur unconscionable charges as a condition of litigation in certain Montgomery County district courts.  The "option" is found in the body on the seldom, if ever, filed 2003 Order signed by the Honorable Frederick Edwards.  The Feb. 10, 2003 Order ("2003 Order") purportedly required E-filing in Cause No. 07-09-09142-CV

02/25/2011   08:15    2103350536          BCDC 2ND FLR RECORDS          PAGE   09

(McPeters I). The order is not accessible on- line, through the District Clerk,

LexisNexis, or the web page of any district court.

24.    The order actually allows a party to ask for permission to file a document by

traditional means *only* when a transmission error or other technical problem has

occurred when attempting electronic filing.  There is actually no alternative to

enduring the avalanche of charges from LexisNexis in a case assigned to the 9th

District Court in Montgomery County.

## BACKGROUND FACTS

25.    On May 18, 2007, Karen McPeters filed an employment discrimination lawsuit in

Travis County against Montgomery County, Texas.

26.    The case was transferred to Montgomery County on September 10, 2007.

27.    On January 27, 2009, the Montgomery County District Clerk notified counsel for

Plaintiff McPeters that the case was designated as an E-file case. The basis for her

notification was an "Order Regarding E-File Designation and Live Date," signed Feb

10, 2003 by Judge Edwards (the "2003 Order").

28.    The clerk stated that E-filing was mandatory, and that all pleadings would have to

be filed with LexisNexis. Counsel was told that LexisNexis charged litigants for E-

filing and that Plaintiff McPeters would have to pay those charges. Counsel objected,

to no avail.

29.    Neither the Montgomery County District Clerk nor LexisNexis provides a list of the

charges by Reed Elsevier, Inc. Plaintiff McPeters learned of the amount of the

charges as she received invoices from LexisNexis.

- 7 -

30.  In addition to the statutory filing fee paid to Montgomery County on September 14,
     2007, LexisNexis charged Plaintiff McPeters $15.98 for every item filed, which she
     has paid. Charges to-date are $786.26.

31.  LexisNexis has double-billed Plaintiff McPeters. The Montgomery County District
     Clerk is obligated to provide all court filing services to Karen McPeters in return for
     the original $217.00 filing fee, which she initially paid. *See* Affidavit of Margaret
     Montemayor, attached and incorporated herein by reference.

32.  Double billing is unlawful. *See* Texas Attorney General Opinion JM-384

### VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT

Karen McPeters and all similarly situated litigants complain that LexisNexis violated
the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Comm. Code
§17.41, et. seq., and incorporate all paragraphs herein.

33.  Plaintiff McPeters is a consumer as that term is defined in Tex. Bus. & Comm. Code
     §17.45(4) of the Consumer Protection Act because Plaintiff, through her agent,
     sought and acquired services from Defendant LexisNexis.

34.  At all times relevant to this suit Defendant LexisNexis was engaged in trade and
     commerce, as defined in §17.45(6) of the Consumer Protection Act.

### Misrepresentations

35.  Defendant LexisNexis made false, misleading and deceptive misrepresentations in
     the following respects:

-8-

(1) LexisNexis falsely represented that it had the right to charge and to collect "filing fees" for civil court documents in the 9th District Court of Montgomery County, Texas;

(2) LexisNexis participated in and profited from a consumer transaction in which LexisNexis and the Montgomery County District Clerk made misrepresentations to Plaintiff, including rejecting pleadings and failing to disclose charges to Karen McPeters, and

(3) LexisNexis asserted an unlawful right to payment, collected unlawful charges, and threatened unlawful collection action.

The unconscionable conduct and misrepresentations are further detailed in paragraphs 7 – 24 above.

### Statutory Violations Alleged by Plaintiff

36. Defendant LexisNexis passed off its goods or services as those of another, specifically the Montgomery County District Clerk, violating §17.46(b)(1) of the Consumer Protection Act.

37. Defendant LexisNexis cause confusion or misunderstanding about the source, sponsorship, approval or certification of its goods or services, violating §17.46(b)(2) of the Consumer Protection Act.

38. Defendant LexisNexis cause confusion or misunderstanding about affiliation, connection or association with or certification by, another, violating §17.46(b)(3) of the Consumer Protection Act.

39. Defendant LexisNexis represented that its services had approval or characteristics which they did not have, violating §17.46(b)(5) of the Consumer Protection Act.

40.    Defendant LexisNexis represented that an agreement conferred or involved rights or
       obligations that are prohibited by law, violating §17.46(b)(12) of the Consumer
       Protection Act.

41.    Defendant LexisNexis failed to disclose information concerning its services, which
       was known at the time of the transactions, when the failure to disclose the
       information was intended to induce the consumer into a transaction into which the
       consumer would not have entered had the information been disclosed, violating
       §17.46(b)(24) of the Consumer Protection Act.

### Reliance

42.    Plaintiff, through her agent, relied to her detriment upon the misrepresentations
       enumerated above.

### Unconscionable Conduct Alleged by Plaintiff and Others

43.    Defendant LexisNexis engaged in unconscionable conduct against Plaintiff
       McPeters, and all other similarly situated litigants. Each act complained of herein
       constituted an unconscionable action and course of action, as defined at §17.45(5) of
       the Consumer Protection Act, which, to Plaintiff's detriment, took advantage of the
       lack of knowledge, ability, experience, or capacity of Plaintiff, and all other similarly
       situated litigants, to a grossly unfair degree. The resulting unfairness was glaringly
       noticeable, flagrant, complete and unmitigated, because it continues to require
       payment by litigants.

-- 10 --

### Producing Cause

44. The deceptive acts and practices of Defendant LexisNexis were and remain a producing cause of economic damages to Plaintiff and each similarly situated person or entity.

### Conduct Undertaken Knowingly

45. The unlawful acts and practices described above were committed knowingly, as that term is defined at §17.45(9) of the Consumer Protection Act, because Defendant LexisNexis had actual awareness, at the time of the acts and practices complained of, of the deception, falsity, or unfairness of the acts and practices.

46. LexisNexis knew or should have known that permissible fees and charges are set forth in the *Texas Government Code* and in the *Local Government Code*. LexisNexis knew, or should have known, that court filing fees are set by the state legislature, because court filing fee information is codified in Vernon's Texas Codes Ann. (2003), and each section contains the legislative history of that provision.

47. The Texas legislature considered electronic filing in 1987 in *Tex. Gov't Code* §§51.801-51.807. It made no provision for additional mandatory filing fees or unregulated charges as a condition for access to any court.

48. Accordingly, Plaintiff seeks up to three times the amount of her economic damages pursuant to §17.50(b)(1) of the Consumer Protection Act, as do all others similarly situated.

- 11 -

## Court Costs and Attorney's Fees

49. Plaintiff seeks the recovery of her court costs and reasonable and necessary attorney's fees pursuant to §17.50(d) of the Consumer Protection Act.

### Notice

50. Plaintiff McPeters gave notice to Defendant LexisNexis, pursuant to §17.505, on August 1, 2010. Notice is effective for all others similarly situated pursuant to *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 178 (Tex. 1999). (Please see copy attached.)

## CONTROLLING AUTHORITY

51. The Texas Supreme Court agreed that Montgomery County could establish an electronic filing system, pursuant to its Miscellaneous Order No. 97-9155. This *Order does not authorize either the charging of fees, the violation of equal rights, or usurpation of legislative power.*

52. The last paragraph of page 2 of the Texas Supreme Court's Miscellaneous Order 97-9155 states:

> **The Court intends to issue, file and serve orders, rulings, and other documents in the assigned cases electronically, rather on paper.** (sic)

53. Montgomery County Local Rules are identical.

54. The Miscellaneous Order of the Supreme Court did not approve rejection of paper filings by Barbara Gladden Adamick, Montgomery County District Clerk. The order did not approve increased mandatory filing fees and service charges by anyone. Despite the electronic filing "requirement," Barbara Gladden Adamick did not file the 2003 Order in McPeters I.

55. Even though the District Clerk represents that the 2003 Order is part of the records in her office, it is not filed.

56. Furthermore, as of **February 2, 2011**, Barbara Gladden Adamick **still had not filed** the 2003 Order in the LexisNexis case filing system in Cause Number 07-09-09142-CV. This is despite its supposed mandate in Local Rules.

### EXTENT OF HARM

57. The "Clerk's Check List" also shows that the 410th District Court, Judge K. Michael Mayes presiding, was also a participant in the on-going E-filing enterprise with LexisNexis by its December 12, 2006 order. That court has had more than 2,300 E-file cases with LexisNexis, or its predecessor. Other courts have instructed their district clerks to reject paper filings.

### SECOND CAUSE OF ACTION
### VIOLATION OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS UNDER THE TEXAS CONSTITUTION

As her second cause of action, Karen McPeters complains of the violation of her procedural and substantive due process rights by Defendants, jointly and severally, and incorporates all paragraphs herein.

### Violation of Equal Rights Under Article 1, Section 3 of the Texas Constitution

58. The Texas Constitution, Art. 1, § 3 provides:

**All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services.**

59. Judge Edwards is not the legislature. Judge Edwards' authorization for different financial treatment of similarly situated individuals in his 2003 Order is actionable

02/25/2011   08:15     2103350536                    BCDC 2ND FLR RECORDS                    PAGE   16

because the judiciary [Judge Edwards] may not classify any persons for disparate

financial treatment as a condition for accessing open courts. The judiciary may not

determine the classification (legislation) and then rule on its validity (judicial).

### Violation of Open Courts Under Article 1, Section 13 of the Texas Constitution

60.     The Texas Constitution, Art. 1, § 13 provides:

**All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.**

61.     Defendant's requirement for Karen McPeters, and similarly situated civil litigants, to

pay more than other litigants restricts her, and their, access to the courts of the State

of Texas, and violates their constitutional rights to open courts.

62.     The charges demanded by LexisNexis as "fees" impose an unreasonable financial

barrier. Judge Edwards has unlawfully made use of LexisNexis mandatory because

(1) any "fee" is unlawful if it is higher than the same fee as set by the legislature; (2)

there is no review of the "fee" by any branch of government; and (3) under

separation of powers, Judge Edwards cannot mandate the requirement resulting in

LexisNexis' fees, and allow LexisNexis to charge whatever it desires without

review. The "fees" have no limit.

63.     As an example, LexisNexis currently charges $10.00 to mail each LexisNexis

subscriber a paper invoice to pay filing fees and service costs. That charge is *prima*

*facie* financially unreasonable.

64.    Montgomery County, acting through its commissioners and county judge in its Nov.

5, 2007 contract with LexisNexis, approved, ratified and adopted as official policy

the conduct of LexisNexis, Barbara Gladden Adamick and Judge Edwards.

### Violation of Takings Clause Under Article 1, Section 17 of the Texas Constitution

65.    The Texas Constitution, Art. 1, § 17 provides:

**No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money; and no irrevocable or uncontrollable grant of special privileges or immunities, shall be made; but all privileges and franchises granted by the Legislature, or created under its authority shall be subject to the control thereof.**

66.    Defendant's requirement for Karen McPeters, and similarly situated civil litigants, to

pay for on-line E-filing violates the takings clause of the constitution.

67.    The charges demanded by LexisNexis as "fees" are an unconstitutional taking, and

Karen McPeters and all similarly situated civil litigants are entitled to adequate

compensation therefor.

### Injunctive Relief Requested

68.    Karen McPeters seeks an injunction to prohibit the continuing threatened taking by

LexisNexis of its "charges" for on-line E-filing.

### Violation of Due Course of Law Under Article 1, Section 19 of the Texas Constitution

69.    The Texas Constitution, Art. 1, § 19 provides:

**No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of the law of the land.**

70.   Defendant LexisNexis violated Karen McPeters' and similarly situated civil litigants' due process rights requiring her to pay for E-filing.

71.   Because the 2003 Order affects Karen McPeters' property rights by requiring her to pay money to LexisNexis, she is entitled to notice. She still has not received that notice in Cause No. 07-09-09142 or 09-11-11474; the 2003 Orders still have not been E-filed with LexisNexis. Coupled with notice, she is entitled to a hearing on the reasonableness and requirement for LexisNexis' charges.

72.   The Open Courts provision of the Texas Constitution guarantees her right to file paper pleadings. If E-filing were without additional cost, or, if the legislature passed a bill and the governor signed it, the result may be different.

73.   Judge Edwards ordered E-filing coupled with "fees" charged and retained by a large private corporation. He cannot then decide whether or not one has to pay. Separation of powers prohibits his participation in both decisions. The legislature decides one. The judiciary decides the other.

### Violation of Bill of Rights Under Article 1, Section 29 of the Texas Constitution

74.   The Texas Constitution, Art. 1, § 29 provides:

**To guard against transgressions of the high powers herein delegated, we declare that everything in this "Bill of Rights" is excepted out of the general powers of government, and shall forever remain inviolate, and all laws contrary thereto, or to the following provisions, shall be void.**

75.   Defendant LexisNexis violated Karen McPeters' rights guaranteed by the Texas Bill of Rights by erecting a barrier to open courts.

## THIRD CAUSE OF ACTION
## VIOLATION OF TEXAS THEFT LIABILITY ACT

As her third cause of action, if necessary, Karen McPeters complains that Defendant LexisNexis violated Tex. Civ. Prac. & Rem. Code § 134.001, *et. seq.*, and seeks the statutory penalties against it, as is provided therein, and incorporates all paragraphs herein.

### THE UNLAWFUL THREAT

76.  *Texas Civil Practice & Remedies Code, § 134.002.* **Definitions**

In this chapter: (1) "Person" means an individual, partnership, corporation, association, or other group, however organized.

(2) "Theft" means unlawfully appropriating property or unlawfully obtaining services as described by Section 31.03, 31.04, 31.05, 31.06, 31.07, 31.11, 31.12, 31.13, or 31.14, Penal Code.

§ 134.003. **Liability** - (a) A person who commits theft is liable for the damages resulting from the theft.

§ 134.005. **Recovery** (a) In a suit under this chapter, a person who has sustained damages resulting from theft may recover:

(1) under Section 134.003(a) , from a person who commits theft, the amount of actual damages found by the trier of fact and, in addition to actual damages, damages awarded by the trier of fact in a sum not to exceed $1,000; or

(2) from a parent or other person who has the duty of control and reasonable discipline of a child, for an action brought under Section 134.003(b), the amount of actual damages found by the trier of fact, not to exceed $5,000.

(b) Each person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees.

77.   The Theft Liability Act specifically adopts the tests for theft set forth in the Texas Penal Code. A person commits the offense of theft "if he unlawfully appropriates property with intent to deprive the owner of property." *TEX. PENAL CODE ANN. § 31.03*(a) (Vernon 2003). "Appropriation of property is unlawful if ... it is without the owner's effective consent...." *Id. § 31.03*(b)(1). " 'Effective consent' includes consent by a person legally authorized to act for the owner. Consent is not effective if ... induced by deception or coercion...." *Id. § 31.01(3)(A)*. " 'Deception' means: (A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true; [or] (B) failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true...." *Id. § 31.01(1)(A), (B)*.

(9) "Coercion" means a threat, however communicated: ... (D) to expose a person to hatred, contempt, or ridicule; (E) to harm the credit or business repute of any person; or (F) to take or withhold action as a public servant, or to cause a public servant to take or withhold action. § 1.07(9)(D), (E)(F).

Under Texas law, extortion is subsumed under the theft statute. *Id. §31.02*.

## Facts

78.  Karen McPeters was deceived, coerced and forced to enroll with LexisNexis by actual or threatened force of law. That threat is represented by the 2003 Order in Cause No. 07-09-09142-CV, as well as the two "Orders on Failure to E-File" dated July 26, 2010 and January 11, 2011. That threat implicitly includes the mandated requirement to pay LexisNexis.

79.  One aspect of the coercion was that documents in her case were not filed properly, and were not filed in a timely manner. Karen McPeters tendered documents in person to District Clerk, Barbara Gladden Adamick, a public servant; they were rejected. Documents mailed in were returned unfiled.

80.  Upon information and belief, Barbara Gladden Adamick's actions were based on the Nov. 2007 agreement between LexisNexis and Montgomery County that caused Barbara Gladden Adamick to take the unlawful actions. LexisNexis caused Barbara Gladden Adamick, a public servant, to withhold the proper action of filing Karen McPeters' documents.

81.  The threat was enforced, and was based on LexisNexis, creating by words and conduct, false impressions of law and fact regarding E-Filing that affected Karen McPeters' judgment in document filing. LexisNexis did not believe the false impressions to be true, or failed to correct the false impressions concerning E-filing that it now believes to be true, and that affected Karen McPeters' judgment concerning document filing.

82.  The judicial sanctions threat included dismissal, contempt and incarceration as the
     next step for non-compliant, recalcitrant litigants, or their counsel. All believed the
     threat.

83.  Karen McPeters had no alternative except to pay. More than 16,000 other similarly
     situated litigants in Montgomery County have met a similar fate. They all have been
     forced to pay LexisNexis' unlawful charges for E-filing in Montgomery County.

84.  The aggregate amount of the LexisNexis charges to Plaintiff McPeters, and similarly
     situated persons, constitute a first degree felony under Texas law. *See Tex. Pen.
     Code Ann. §§ 31.09, 31.03 (e)(7)* (Vernon 2003).

85.  Damages awarded for conduct chargeable as felony theft in the third degree or
     higher under the *Texas Penal Code, chapter 31,* are exempt from the cap on
     exemplary damages. *Tex. Civ. Prac. & Rem. Code § 41.008(b), (c)(13).*

86.  Karen McPeters pleads that Defendant's actions constitute extortion.

## FOURTH CAUSE OF ACTION
### FRAUD

As her fourth cause of action, if necessary, Karen McPeters complains that
Defendant, LexisNexis, committed fraud against her and against similarly situated litigants,
and seeks damages, and incorporates all paragraphs herein.

87.  Although LexisNexis activities appear facially legal, Karen McPeters seeks to
     recover fraud damages against LexisNexis.

88.  LexisNexis made (1) a material representation; (2) that was false; (3) that, when the
     speaker made it, he knew it was false or made it recklessly without any knowledge of

02/25/2011   08:15    2103350536                    BCDC 2ND FLR RECORDS                    PAGE   23

its truth and as a positive assertion; (4) that he made it with the intention that it

should be acted upon by Karen McPeters; (5) that Karen McPeters acted in reliance

upon it; and (6) that she thereby suffered injury.

89.   Pursuant to the Nov. 2001 agreement, Barbara Gladden Adamick told Karen

McPeters that E-filing was mandatory, and that payment to LexisNexis was

mandatory. These representations were material; they were false, and Karen

McPeters relied on the representations. The representations induced Karen McPeters

to use LexisNexis, and she relied and acted by paying LexisNexis and suffered

injury.

90.   LexisNexis made a material representation that it provided E-filing for Montgomery

County, and that payments to it were required. LexisNexis knew that its Nov. 2007

agreement with Montgomery County included the requirement for the substance of

the 2003 Order. It knew that the representation was false and LexisNexis made it by

sending bills to Karen McPeters. It knew the representation was false or made it

recklessly without any knowledge of its truth and as a positive assertion because fees

are set by the legislature. LexisNexis made it with the intention that it should be

acted upon by Karen McPeters; Karen McPeters acted in reliance upon it; and she

thereby suffered injury, and the damages are continuing.

91.   LexisNexis fraudulently misrepresented its purported right to force litigants to pay

for services that are legally required to be rendered free by the District Clerk – filing

documents. The misrepresentation was material. The representations about

mandatory E-filing were made to all similarly situated Montgomery County litigants.

92.   LexisNexis benefitted from the scheme by ensuring that it would be paid on every
      filing by every qualifying litigant in Montgomery County. Its requirement is in its
      Nov. 5, 2007 contract with Montgomery County.

93.   Each bill from LexisNexis is an overt act in furtherance of its scheme to defraud.

94.   Karen McPeters did not know that Defendant's representations were false and she
      could not reasonably discover the misrepresentation,

95.   LexisNexis does not disclose its charges on its web site, until one spends significant
      time searching for them – after one has become a subscriber.

## FIFTH CAUSE OF ACTION
## VIOLATION OF TEXAS BUSINESS & COMMERCE
## CODE §15.01, ET. SEQ.

96.   As her fifth cause of action, if necessary, Karen McPeters complains that
      Defendant, LexisNexis, violated the Tex. Bus. & Comm. Code §15.01, et. seq. by
      monopolizing, attempting to monopolize or conspiring to monopolize trade or
      commerce with respect to electronic filing of courts documents in the relevant
      markets of Montgomery and Jefferson Counties, damaging her and similarly situated
      litigants, and incorporates all paragraphs herein. LexisNexis has engaged in an
      unlawful tying arrangement.

97.   Section 15.05(a) expressly provides that every contract, combination, or conspiracy
      in restraint of trade is unlawful. In this connection, LexisNexis contracted to be the
      exclusive provider of e-filing services in Montgomery County, but without any
      limitation on what may be charged for those services. As a result, individuals who
      are compelled to use E-filing in Montgomery County now pay at least 50% more per

- 22 -

transaction than the average charge to individuals in other counties served by other E-filing providers.

98. In contrast, TexasOnline serves 47 counties in Texas, including the three largest counties by population. This service allows a litigant to choose from seven E-Filing Service Providers, with varying charges and ancillary services. As a result of the monopoly held by LexisNexis in Montgomery County, however, litigants required to use E-filing must use only one provider and must pay whatever LexisNexis decides to charge. Its charges are unconscionable and are collected only as a result of a monopolistic contract in restraint of trade.

99. LexisNexis recently represented to a federal district judge, in a case involving E-filing charges, that Montgomery County, and the judges that require E-filing, have insisted on the fees and justified the fees at every turn. While this may or may not be proven true, it is certainly true that the charges have continued to this day. No charges are specified in the contract between Montgomery County and LexisNexis, and it appears that no oversight is a part of the agreement. It has been alleged that LexisNexis pays nothing to the county that enforces the monopoly, whereas TexasOnline pays the counties a fee on every single transaction.

## Relation Back of Claims

100. In the unlikely event that any of the causes of action previously alleged in the alternative are found to state a new or different ground of relief, Plaintiff respectfully asserts that all such claims arise out of the conduct previously alleged against the

Defendant and relate back to the date on which the original claims were filed pursuant to the *Texas Civil Practice and Remedies Code,* § 16.068.

## CLASS ACTION

101.  Pursuant to Tex. R. Civ. P. 42, Karen McPeters requests the Court to designate her claims of unconscionable conduct under the *Texas Deceptive Trade Practices Act* as a class action, because:

> (1) the class of persons subjected to LexisNexis' E-filing plan, and forced to pay fees and charges to LexisNexis, is so numerous (**more than 16,000 since the year 2000**) that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class, namely the unconscionable conduct each litigant was forced to endure and the amount each litigant was required to pay for on-line E-filing;
>
> (3) the claims of the representative party, Karen McPeters, are typical of the claims of the class; and
>
> (4) Karen McPeters will fairly and adequately protect the interests of the class.

Plaintiff will make additional filings pursuant to *Tex. R. Civ. P.* 42(c).

## DAMAGES

102.  Plaintiff McPeters, individually and on behalf of all similarly situated civil litigants, seeks compensation for damages caused by the actions of Defendant LexisNexis.

## RATIFICATION

103.  All actions complained of herein have been ratified by the Defendant LexisNexis. It has accepted the benefits and failed to repudiate the violations described herein.

## CONDITIONS PRECEDENT

104. All conditions precedent herein required of Plaintiff, have been performed or complied with or has occurred, or in the alternative, and only if necessary, any such condition precedent which has not been performed, complied with, or has not occurred, was waived by one or more actions, omissions and/or representations by Defendant or its agents.

## ATTORNEY'S FEES

105. Plaintiff McPeters hired Robert L. Mays, Jr. as her attorney and agreed to pay his reasonable and necessary attorney's fees, costs and expenses.

106. Plaintiff McPeters requests the court to award damages, attorney's fees, expert witness fees, costs and expenses, as provided for by statute.

## INTEREST

107. Plaintiff is further entitled to prejudgment and post-judgment interest as, when and at the rates allowed by law or equity.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Karen McPeters requests the court to award judgment to Plaintiff McPeters for herself, and on behalf of all other similarly situated persons and entities, against Defendant LexisNexis, including:

      (i)    actual damages;

      (ii)   statutory damages;

      (iii)  exemplary damages;

      (iv)  injunctive relief;

      (v)   prejudgment interest;

(vi)    reasonable attorney's fees;

(vii)   costs of court;

(viii)  post-judgment interest, and

(ix)    for such other relief, whether in whole or in part, whether general or special, at law or in equity, to which Plaintiff Karen McPeters may, by this pleading or proper amendment hereto, show herself entitled.

## A TRIAL BY JURY IS RESPECTFULLY DEMANDED.

Respectfully submitted,

Robert L. Mays, Jr.
Attorney for Karen McPeters
TBN: 13308200
8626 Tesoro Drive, Suite 820
San Antonio, Texas 78217
Phone: 210-657-7772
FAX: 210-657-7780

02/25/2011  08:15    2103350536                    BCDC 2ND FLR RECORDS                     PAGE  29

CAUSE NO. 2011-CI-01119

| | | |
|---|---|---|
| **KAREN McPETERS**, individually, and on | § | IN THE DISTRICT COURT |
| behalf of those individuals, persons and entities | § | |
| who are similarly situated | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| | § | |
| vs. | § | 225TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| **LEXISNEXIS, a division of** | § | |
| **REED ELSEVIER, INC.** | § | |
| Defendant | § | BEXAR COUNTY, TEXAS |

## <u>AFFIDAVIT</u>

STATE OF TEXAS     )(
                   )(
COUNTY OF BEXAR    )(

BEFORE ME THIS DAY personally appeared Margaret Montemayor, the

undersigned Affiant, who being by me duly sworn, deposed and stated as follows:

"My name is Margaret Montemayor; I am over the age of eighteen (18) years and am
fully competent to make this Affidavit and have personal knowledge of all of the facts
recited herein, and they are all true and correct.

"I was elected as District Court Clerk in Bexar County, Texas in Nov. 5, 2002. I held
that office for eight (8) years, until 2011. I performed the same duties as Barbara Adamick,
the District Clerk of Montgomery County, Texas.

"While I was district clerk in Bexar County, we had electronic filing of documents.
We accepted documents filed on paper; litigants and their lawyers were also able to file
documents electronically through Texas On-Line. On-line E-filing was optional.

"I have reviewed the charges of the Montgomery County District Clerk, as those
charges are posted on-line. I have reviewed the charges of the Bexar County District

Clerk's office, and compared them with Montgomery County. I have reviewed the statutes concerning the duties of a district clerk.

"The charges authorized by statute in the State of Texas include provisions for electronic record keeping. Those charges are named the records management and preservation fee - $10.00, the court record preservation fee – $10.00, and the records archive fee - $5.00. The charges are paid by a litigant when a lawsuit is filed. *Tex. Gov't Code* §§§ 51.317(b)(4), 51.708, 51.305. *See also* § 101.061.

"I have reviewed the charges by LexisNexis for use of their *fileandserve* E-filing sytem, which are $7.00 for filing and $8.00 for service. Their $7.00 charge duplicates the charge by the Montgomery County District Clerk at the time a lawsuit is filed.

"In other words, a litigant cannot be required to pay both the District Clerk and LexisNexis for 'E-filing.' The District Clerk can accept paper filings and then scan them into her E-file system. Or, a litigant can use and pay LexisNexis for E-filing, but then that litigant cannot also be required to pay the District Clerk for the records management and preservation fee, the court record preservation fee and the records archive fee.

"I have reviewed the policy of the Montgomery County District Clerk in rejecting paper filings. That policy is contrary to the statutory duties of a district clerk, because the District Clerk is required to accept and file documents tendered to her. A District Clerk may not cancel her file-stamp for her court.

"In my opinion, the charges by LexisNexis to litigants for on-line E-filing are unlawful because:

(a) its charges duplicate charges previously collected by the District Clerk for identical services;

(b) a District Clerk may not reject paper filings, assuming they are in the proper court and county;

(c) a District Clerk may not cancel a file stamp, assuming the document is in the proper court and county;

(d) a District Clerk must authorize by signing for any service for which fees are collected as a part of litigant being able to go to court;

(e) the amount of the charges by LexisNexis is excessive and unreasonable; and

(f) the availability of a public terminal in the office of a District Clerk is not a reasonable alternative to filing documents under the *Texas Rules of Civil Procedure*."

This concludes my testimony.

SIGNED on this the __31st__ day of January, 2011.

Margaret Montemayor
Affiant

SUBSCRIBED AND SWORN TO BEFORE ME on this the __31st__ day of January, 2011, to certify which witness my hand and official seal of office.


SARAH E MCBRIDE
Notary Public, State of Texas
My Commission Expires
May 12, 2013

Notary Public
State of Texas
My Commission Expires: 5|12|13

## CERTIFICATE OF SERVICE

I certify that on February _____, 2011, after filing this affidavit, each counsel for Defendants will be served via the court's ECF system.

Robert L. Mays, Jr.

# ROBERT L. MAYS, JR.

### ATTORNEY AT LAW

8626 Tesoro Drive, Suite 820
Petroleum Towers II
San Antonio, Texas 78217

Phone: 210-657-7772
Fax: 210-657-7780

September 15, 2010

Reed Elsevier, Inc.
LexisNexis
c/o Mr. John G. Parker
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street N.E., Suite 2400
Atlanta, GA. 30308

Dear Mr. Parker,

   This letter is a "notice letter" to your client(s) under the Texas
Deceptive Trade Practices Act ("DTPA"). If you are not authorized to
accept notice on behalf of Reed Elsevier, please let me know so that I may
transmit the letter to the appropriate representatives, with a copy to you.  I
will certainly not contact your client directly unless advised by you to do so.

### Notice

   This letter is presented as notice of a claim by Karen McPeters under
the Texas Deceptive Trade Act ("DTPA"), *Tex. Bus. & Com. Code* Sec.
17.41 *et seq.*, which provides that as a prerequisite to filing a suit seeking
damages, a consumer shall give written notice to the person at least 60 days
before filing the suit advising the person in reasonable detail of the
consumer's specific complaint and the amount of economic damages and
expenses, including attorneys' fees reasonably incurred by the consumer in
asserting the claim against the defendant.

   This notice is also presented as notice of claims on behalf of all
similarly situated persons and entities pursuant to Texas Rule of Civil
Procedure 42.

Texas Deceptive Trade Practices-
Consumer Protection Notice Letter           1                    September 15, 2010

## False, Misleading or Deceptive Acts and Practices

Under the DTPA, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful and are subject to action by the Consumer Protection Division of the office of the Attorney General of Texas and are also give rise to a private cause of action by the consumer.

Please note that, under Texas law, services sought or acquired by an agent will confer standing upon the principal to sue as a consumer. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W. 2d 812 (Tex. 1997).

The deceptive acts and practices at issue arise out of the conduct set forth below.

**1.  Unlawful transaction charges.**

By way of example, McPeters was charged $15.98 to file and serve a vacation notice, a change of address notice, and all other filings required to be presented to the district clerk of Montgomery County.

**2.  Unlawful collection charges.**

By way of example, McPeters was charged $5 for a billing invoice. The charge is now $10.

**3.  Unlawful threats in aid of collection.**

By way of example, the defendant(s) represented that a failure to pay the amounts charged could result in disablement of the account that is mandatory in the 9th District Court, Montgomery County, Texas for the prosecution or defense of a civil claim and that, in some instances, the defendants will provide the law firm's and attorneys' names to the state bar and the court to report the failure to pay statutory fees.

**4.  Unlawful misrepresentation of an agency affiliation.**

By way of example, the defendant(s) create the appearance that they are acting under the authority of either the Montgomery County district clerk

Texas Deceptive Trade Practices-
Consumer Protection Notice Letter                    2                    September 15, 2010

or the 9th District Court, specifically in furtherance of official duties, an appearance that is certainly ratified by those entities. However, the defendant(s) have expressly disclaimed any agency, partnership or similar relationship with Montgomery County.

**5. Unlawful failure to disclose charges.**

By way of example, neither the defendant(s) nor the Montgomery County district clerk disclose any of the transaction charges on any electronic or print media so that a consumer can possibly know what they will be required to pay until after the consumer has become a subscriber and incurred the mandatory charges.

**6. Misrepresentation of government approval of charges.**

By way of example, the defendant(s) represent that they set, charge and collect charges pursuant to contractual authority, valid court orders, and in the course of its official business with Montgomery County. Defendant(s) also represent that Montgomery County and the 9th District Court insisted upon and justified the defendant(s) charges at every turn. However, no authorized charges are found in the contract at issue or in any order, and no evidence of insistence or justification by Montgomery County or the 9th District Court can be found.

**7. Creation of an unlawful barrier to open courts.**

Defendant(s) represent that their conduct their charges are undertaken as an extension of a Montgomery County governmental function. However, the charges at issue create an unlawful barrier to open courts under Texas constitutional law. The unlawful barrier created by unreasonable charges and charges not directly paid to judicial programs have repeatedly been deemed unlawful and actionable by the Attorney General of Texas. *See, e.g.* Opinion No. GA-0231, Opinion No. DM-283 and Opinion No. JM-384. *See also LeCroy v. Hanlon,* 713 S.W. 2d 335 (Tex. 1986) and *Dallas County v. Sweitzer,* 881 S.W. 2d 757 (Tex. App.—Dallas 1994, writ denied).

## <u>Legal Claims Under the DTPA</u>

1. Unconscionable course of action.

Texas Deceptive Trade Practices-
Consumer Protection Notice Letter                    3

September 15, 2010

The acts and practices described above take advantage of the lack of knowledge, ability, experience, or capacity of a consumer to a grossly unfair degree. As an example, the cost to access and print a six-page docket sheet with LexisNexis is $10.65, while a six-page docket sheet in PACER costs $0.48.

In this connection, please note that, under Texas law, unconscionable conduct is actionable under the DTPA even if the seller of the service made no specific misrepresentations and even in the absence of reliance by the consumer. *See Mays v. Pierce*, 203 S.W.3d 564 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

**2.** Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of services.

**3.** Causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another.

**4.** Representing that services have sponsorship or approval which they do not have and that a person [defendant(s)] has a sponsorship, approval, status, affiliation, or connection which he does not.

**5.** Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

**6.** Failing to disclose information concerning services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

## The Deceptive Acts and Practices Were Knowingly Undertaken

In this connection, "knowingly" means actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to the consumer's claim. Given the market research conducted by the defendant(s) in the 38 states in which it operates,

Texas Deceptive Trade Practices-
Consumer Protection Notice Letter                    4                    September 15, 2010

given the availability of lower charges by electronic filing providers in Texas, and given the defendant(s) knowledge of its contract and lack of oversight in setting, charging and collecting fees in a system made mandatory in this matter, it is inconceivable that either the representations and unconscionable course of conduct described herein were inadvertent in any respect. *See, e.g.,* Texas Online and PACER.

## Damages

Karen McPeters has thus far incurred and paid at least $455.36 in charges as a result of the acts and practices described herein and has incurred at least $122,064.59 in reasonable attorney's fees and $26,542.17 in expenses as a result of contesting those acts and practices.

The claims of the other similarly situated persons and entities are equal to the amount that each person and entity has paid to you as a LexisNexis *fileandserve* subscriber in each jurisdiction in which use of LexisNexis on-line filing is mandatory.

## Remedies

Karen McPeters will seek the amount of economic damages as found by the trier of fact. If the trier of fact finds that the conduct of the defendant(s) was committed knowingly, the trier of fact may award not more than three times the amount of economic damages.

Karen McPeters will further seek an order enjoining such acts as well as all orders necessary to restore to any party to the suit any money or property which may have been acquired by the defendant(s) in violation of the DTPA.

Karen McPeters will further seek the award of her reasonable attorney's fees and expenses, which award is mandatory for a prevailing consumer under the DTPA.

Karen McPeters will agree to settle this matter if you immediately pay her charges, attorney's fees, costs and refund to each class member his, her or its respective charges by LexisNexis for using *fileandserve* for on-line court document filing.

Texas Deceptive Trade Practices-
Consumer Protection Notice Letter                   5                    September 15, 2010

I reserve my further right to take whatever appropriate legal action may be necessary to protect my client's rights, and the rights of the other class members, without further notice to you, in the event you do not settle.

Respectfully submitted,

Robert L. Mays, Jr.
Attorney at Law
8626 Tesoro Drive, Suite 820
San Antonio, Texas 78217
Phone: 210-657-7772
FAX: 210-657-7780
State Bar No. 13308200

DEPUTY

2011 FEB 17 PM 2:21

BEXAR CO. TEXAS
DISTRICT CLERK
FILED



# 2011CI-01119

CAUSE NO. _____



| | | |
|---|---|---|
| **KAREN McPETERS**, individually, and on behalf of those individuals, persons and entities who are similarly situated<br>　　　Plaintiff | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| | §<br>§ | |
| vs. | §<br>§<br>§ | _____ JUDICIAL DISTRICT |
| **LEXISNEXIS, a division of<br>REED ELSEVIER, INC.**<br>　　　Defendants | §<br>§<br>§<br>§ | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE PRESIDING:

Now comes Karen McPeters ("McPeters"), individually and on behalf of those individuals, persons and entities similarly situated, and files her Plaintiff's Original Petition complaining of **LexisNexis, a division of Reed Elsevier, Inc.**, and states:

### DISCOVERY

1. Discovery is to be conducted under Rule 190.3, Texas Rules of Civil Procedure, as Level 2 discovery.

### PARTIES

2. Plaintiff **Karen McPeters** is an individual residing in San Antonio, Texas. At all times relevant to this lawsuit, Plaintiff Karen McPeters was a resident of Bexar County, Texas. Karen McPeters brings suit on her behalf and, upon leave of court pursuant to *Tex. R. Civ. P.* 42, on behalf of those individuals, persons and entities similarly situated.

- 1 -

3.    Defendant **LexisNexis, a division of Reed Elsevier, Inc.,** is a foreign corporation

from the Netherlands, with its principal Texas corporate office in Dallas, Texas,

registered to do business in Texas, which may be served with process by certified

mail pursuant to *Texas Rules of Civil Procedure* 106(a)(2) by delivering the petition

and citation to its registered agent, **C T Corporation System, 350 North St. Paul**

**St., Dallas, Texas 75201.**

## JURISDICTION AND VENUE

4.    This court has original jurisdiction of the parties and claims pursuant to *Tex. Gov't*

*Code* §24.007. Venue is proper in Bexar County, Texas, pursuant to *Tex. Civ. Prac.*

*& Rem. Code* §15.002 and *Texas Deceptive Trade Practices-Consumer Protection*

*Act* ("DTPA") §17.56. Facts supporting permissive venue are set forth below.

5.    Plaintiff was a resident of Bexar County at all times relevant to the claims asserted

herein.  A substantial part of the events or omissions giving rise to the claims

occurred in Bexar County, Texas. Plaintiff received invoices and demands for

payment in Bexar County. Plaintiff transmitted payments from Bexar County.

Plaintiff complied with mandatory E-filing of documents from Bexar County.

Plaintiff received correspondence and threats related to E-filing in Bexar County.

*Tex. Civ. Prac. & Rem. Code* §15.002(a)(1); DTPA §17.56(1). No mandatory venue

provision applies in this case.

6.    The defendant, LexisNexis, is represented by counsel residing in Georgia. Its

principal corporate office is in Dallas. Defendant is a subsidiary of a foreign

corporation situated in Amsterdam. Plaintiff and her counsel reside in Bexar County.

**- 2 -**

## Summary of the Case

LexisNexis is part of a foreign corporation based in the Netherlands. Since the year 2000, it, or a predecessor, has controlled access to at least one district court in Montgomery County, Texas. At some point, Jefferson County joined in. This happened because a district judge decided to give a blank check to LexisNexis to charge whatever it wanted as a mandatory condition of accessing his court.

The judge's written order is seldom filed in any case, but routinely enforced. The order assures that "a minimal fee is assessed for each filing," ("E-filing") but no fee is set. No one reviews the charges. As a result, LexisNexis charges nearly $16 for every piece of paper filed. Those charges are unconscionable when compared with the cost of following the Texas Rules of Civil Procedure and when compared with other Texas providers. This is no "minimal fee"; it is an unconscionable fee.

LexisNexis claims to act as the official agent of a District Clerk with authority to regulate access to Texas courts. The Texas Supreme Court never agreed. LexisNexis charges are an unconstitutional barrier to open courts according to authority from both the Texas Supreme Court and the Texas Attorney General. There is no precedent for this barrier. The charges are like a poll tax. Minorities, the poor, elderly and the less educated are likely to be denied their day in court. Is it reasonable to require them to be computer literate? Payment for justice is now a fact of life, but should it be?

## FACTS RELEVANT TO STATUTORY CLAIM

7.      The LexisNexis charges for on-line E-filing to Karen McPeters, and other similarly

situated persons and entities, in Montgomery County were and are concealed. At the

time of document filing no charges are shown. Karen McPeters only learned that she

was being billed and the amount of the charges, when LexisNexis sent bills to her

lawyer beginning about March 6, 2009. Charges to litigants are not found on the

Montgomery County District Clerk's web site nor are they found on the web pages

of the district judges who make such filing mandatory in their courts, most notably

the web page of the Honorable Frederick Edwards, 9th District Court.

8.      LexisNexis charges are unconscionable and excessive as compared to (1) the cost of

filing under the Texas Rules of Civil Procedure, and (2) the charges of other

providers of E-filing services (Texas On-Line). Approximately 252 counties in

Texas do not charge to file a paper copy of a motion or pleading in their district

courts, other than filing fees at the time of filing the lawsuit.

9.     Texas On-Line charges $7.24 to E-file a document and shows the charge at the time

of filing. LexisNexis charges $15.98 (including tax) to E-file a document in the two

counties that it services and does not disclose its charges at the time of filing. It

charges $7 for filing and $8 for service; service is mandatory.

10.     As an example:

|  | LexisNexis | Bexar County District Clerk | Texas On-Line |
|---|---|---|---|
| (a) Filing a change of address | $ 15.98 | $ 0.00 | $ 0.00 |
| (b) Filing vacation letter | 15.98 | 0.00 | 0.00 |
| (c) Filing motion to compel discovery | 15.98 | 0.00 | 7.24 |
| (d) Filing a motion to shorten time | 15.98 | 0.00 | 7.24 |

11.     LexisNexis' charges are unlawful under the *Tex. Gov't Code* §51.317 and *Tex. Gov't
Code* §101.061 which set the fees that are allowed to be charged to Texas litigants.

12.     LexisNexis' charges duplicate part of the fees charged by the district clerk when

each lawsuit is filed. A litigant is forced to pay twice for the same service – filing.

13.     LexisNexis previously charged $5.00 to mail an invoice to each litigant, and now

charges $10.00 to mail an invoice.

14.     LexisNexis made unlawful threats for collection including a threat to report each

nonpaying litigant to the Texas State Bar and to the judge presiding in the case.

15.     LexisNexis misrepresented that mandatory E-filing and charges were lawful when

*Tex. R. Civ. Proc.* 5 states the requirement for filing court documents. Furthermore,

the Texas Supreme Court ruled eighteen years ago that documents are considered

**- 4 -**

filed when they reach the court. *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993).

16.  LexisNexis made deceptive claims that it was an agent of the Montgomery County District Clerk. In fact, LexisNexis stated, "LexisNexis has been acting in furtherance of official duties." The Montgomery County District Clerk denied that claim on August 3, 2010 when it argued to the Ninth Court of Appeals that LexisNexis' charges were not court costs but were actually convenience fees.

17.  The charges by LexisNexis are a violation of the Texas constitutional guarantees of open access to the courts as interpreted by the Texas Supreme Court in *LeCroy v. Hanlon*, 713 S.W.2d 335 (Tex. 1986) and by the Texas Attorney General in Opinions GA-0231 and JM-384. Therefore, LexisNexis clearly knew that its conduct was unlawful.

18.  Its charges are a constitutional violation, obstructing access to the courts of Texas. *LeCroy* shows LexisNexis' conduct to be unlawful because its charges unreasonably obstruct court access, and duplicate charges by the Montgomery County District Clerk for the same services as those provided by that Clerk.

19.  LexisNexis' charges are unconscionable because they violate the rules of procedure, statutes, case law, orders of the Texas Supreme Court and the Montgomery County district court and the Texas constitutional guarantee of unrestricted access to open courts.

20.  **A non-U.S. corporation has no authority, through its charges, to either allow or prevent access to Texas courts by the citizens of Texas.**

- 5 -

21. LexisNexis' charges deprive the poor, the less educated, the elderly, and minorities of their day in court by raising a continuing and increasing financial barrier. Further, E-filing requires computer literacy; one cannot compel that skill and experience as a prerequisite for seeking justice.

22. LexisNexis states that a free computer terminal is available in the Montgomery County District Clerk's office so that some litigants can avoid the unconscionable charges if desired. The terminal, however, is no solution for out-of-county litigants and those who seek to file by mail under the *Texas Rules of Civil Procedure*. One cannot reasonably require a litigant to drive to the courthouse each time he or she wishes to file a document. But, the terminal directs users to subscribe to LexisNexis, thus subjecting each to the same charges that are the subject of this litigation.

23. LexisNexis also states that parties have the option of filing a motion to obtain permission to file documents under the *Texas Rules of Civil Procedure* rather than incur unconscionable charges as a condition of litigation in certain Montgomery County district courts. The "option" is found in the body on the seldom-filed 2003 order signed by the Honorable Frederick Edwards. The order is not accessible on-line, through the District Clerk, LexisNexis, or the web page of any district court.

24. The order actually allows a party to ask for permission to file a document by traditional means *only* when a transmission error or other technical problem has occurred when attempting electronic filing. There is actually no alternative to enduring the avalanche of charges from LexisNexis in a case assigned to the 9th District Court in Montgomery County.

- 6 -

## BACKGROUND FACTS

25. On May 18, 2007, Karen McPeters filed an employment discrimination lawsuit in Travis County against Montgomery County, Texas.

26. The case was transferred to Montgomery County on September 10, 2007.

27. On January 27, 2009, the Montgomery County District Clerk notified counsel for Plaintiff McPeters that the case was designated as an E-file case. The clerk stated that E-filing was mandatory, and that all pleadings would have to be filed with LexisNexis. Counsel was told that LexisNexis charged litigants for E-filing and that Plaintiff McPeters would have to pay those charges. Counsel objected, to no avail.

28. Neither the Montgomery County District Clerk nor LexisNexis provides a list of the charges by Reed Elsevier, Inc. Plaintiff McPeters learned of the amount of the charges as she received invoices from LexisNexis.

29. In addition to the statutory filing fee paid to Montgomery County on September 14, 2007, LexisNexis charged Plaintiff McPeters $15.98 for every item filed, which she has paid.

30. LexisNexis has double-billed Plaintiff McPeters. The Montgomery County District Clerk is obligated to provide all court filing services to Karen McPeters in return for the original $217.00 filing fee, which she initially paid. Double billing is unlawful. *See* Texas Attorney General Opinion JM-384.

-7-

## VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT

Karen McPeters and all similarly situated litigants complain that LexisNexis violated the Texas Deceptive Trade Practices-Consumer Protection Act, and incorporate all paragraphs herein.

31.   Plaintiff McPeters is a consumer as that term is defined in §17.45(4) of the Consumer Protection Act because Plaintiff, through her agent, sought and acquired services from Defendant LexisNexis.

32.   At all times relevant to this suit Defendant LexisNexis was engaged in trade and commerce, as defined in §17.45(6) of the Consumer Protection Act.

### Misrepresentations

33.   Defendant LexisNexis made false, misleading and deceptive misrepresentations in the following respects:

> (1) LexisNexis falsely represented that it had the right to charge and to collect "filing fees" for civil court documents in the 9[th] District Court of Montgomery County, Texas;

> (2) LexisNexis participated in and profited from a consumer transaction in which LexisNexis and the Montgomery County District Clerk made misrepresentations to Plaintiff, including rejecting pleadings and failing to disclose charges to Karen McPeters, and

> (3) LexisNexis asserted an unlawful right to payment, collected unlawful charges, and threatened unlawful collection action.

The unconscionable conduct and misrepresentations are further detailed in paragraphs 7 – 24 above.

- **8 -**

## Statutory Violations Alleged by Plaintiff

34. Defendant LexisNexis passed off its goods or services as those of another, specifically the Montgomery County District Clerk, violating §17.46(b)(1) of the Consumer Protection Act.

35. Defendant LexisNexis cause confusion or misunderstanding about the source, sponsorship, approval or certification of its goods or services, violating §17.46(b)(2) of the Consumer Protection Act.

36. Defendant LexisNexis cause confusion or misunderstanding about affiliation, connection or association with or certification by, another, violating §17.46(b)(3) of the Consumer Protection Act.

37. Defendant LexisNexis represented that its services had approval or characteristics which they did not have, violating §17.46(b)(5) of the Consumer Protection Act.

38. Defendant LexisNexis represented that an agreement conferred or involved rights or obligations that are prohibited by law, violating §17.46(b)(12) of the Consumer Protection Act.

39. Defendant LexisNexis failed to disclose information concerning its services, which was known at the time of the transactions, when the failure to disclose the information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed, violating §17.46(b)(24) of the Consumer Protection Act.

### Reliance

40. Plaintiff, through her agent, relied to her detriment upon the misrepresentations enumerated above.

### Unconscionable Conduct Alleged by Plaintiff and Others

41. Defendant LexisNexis engaged in unconscionable conduct against Plaintiff McPeters, and all other similarly situated litigants. Each act complained of herein constituted an unconscionable action and course of action, as defined at §17.45(5) of the Consumer Protection Act, which, to Plaintiff's detriment, took advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree. The resulting unfairness was glaringly noticeable, flagrant, complete and unmitigated.

### Producing Cause

42. The deceptive acts and practices of Defendant LexisNexis were and remain a producing cause of economic damages to Plaintiff and each similarly situated person or entity.

### Conduct Undertaken Knowingly

43. The unlawful acts and practices described above were committed knowingly, as that term is defined at §17.45(9) of the Consumer Protection Act, because Defendant LexisNexis had actual awareness, at the time of the acts and practices complained of, of the deception, falsity, or unfairness of the acts and practices.

44. LexisNexis knew or should have known that permissible fees and charges are set forth in the *Texas Government Code* and in the *Local Government Code*. LexisNexis

- 10 -

knew, or should have known, that court filing fees are set by the state legislature,

because court filing fee information is codified in Vernon's Texas Codes Ann.

(2003), and each section contains the legislative history of that provision.

45. The Texas legislature considered electronic filing in 1987 in *Tex. Gov't Code*

§§51.801-51.807. It made no provision for additional mandatory filing fees or

unregulated charges as a condition for access to any court.

46. Accordingly, Plaintiff seeks up to three times the amount of her economic damages

pursuant to §17.50(b)(1) of the Consumer Protection Act, as do all others similarly

situated.

## Court Costs and Attorney's Fees

47. Plaintiff seeks the recovery of her court costs and reasonable and necessary

attorney's fees pursuant to §17.50(d) of the Consumer Protection Act.

## Notice

48. Plaintiff McPeters gave notice to Defendant LexisNexis, pursuant to §17.505, on

August 1, 2010. Notice is effective for all others similarly situated pursuant to *In re*

*Alford Chevrolet-Geo*, 997 S.W.2d 173, 178 (Tex. 1999).

## CONTROLLING AUTHORITY

49. The Texas Supreme Court agreed that Montgomery County could establish an

electronic filing system, pursuant to its Miscellaneous Order No. 97-9155. This

Order does not authorize either the charging of fees, the violation of equal rights, or

usurpation of legislative power.

- 11 -

50.    The last paragraph of page 2 of the Texas Supreme Court's Miscellaneous Order 97-
       9155 states:

       **The Court intends to issue, file and serve orders, rulings, and other
       documents in the assigned cases electronically, rather on paper.** (sic).

51.    Montgomery County Local Rules are identical.

52.    The Miscellaneous Order of the Supreme Court did not approve rejection of paper
       filings by Barbara Gladden Adamick, Montgomery County District Clerk. The order
       did not approve increased mandatory filing fees and service charges by anyone.

## EXTENT OF HARM

53.    The "Clerk's Check List" also shows that the 410th District Court, Judge K. Michael
       Mayes presiding, was also a participant in the on-going E-filing enterprise with
       LexisNexis by its December 12, 2006 order. That court has had more than 2,300 E-
       file cases with LexisNexis, or its predecessor. Other courts have instructed their
       district clerks to reject paper filings.

## CLASS ACTION

54.    Pursuant to Tex. R. Civ. P. 42, Karen McPeters requests the Court to designate her
       claims of unconscionable conduct under the *Texas Deceptive Trade Practices Act* as
       a class action, because:

       (1) the class of persons subjected to LexisNexis' E-filing plan, and forced to pay

       fees and charges to LexisNexis, is so numerous (**more than 16,000 since the

       year 2000**) that joinder of all members is impracticable;

- 12 -

(2) there are questions of law or fact common to the class, namely the unconscionable conduct each litigant was forced to endure and the amount each litigant was required to pay for on-line E-filing;

(3) the claims of the representative party, Karen McPeters, are typical of the claims of the class; and

(4) Karen McPeters will fairly and adequately protect the interests of the class. Plaintiff will make additional filings pursuant to *Tex. R. Civ. P.* 42(c).

## DAMAGES

55.   Plaintiff McPeters, individually and on behalf of all similarly situated civil litigants, seeks compensation for damages caused by the actions of Defendant LexisNexis.

## CONDITIONS PRECEDENT

56.   All conditions precedent herein required of Plaintiff, have been performed or complied with or has occurred, or in the alternative, and only if necessary, any such condition precedent which has not been performed, complied with, or has not occurred, was waived by one or more actions, omissions and/or representations by Defendant or its agents.

## ATTORNEY'S FEES

57.   Plaintiff McPeters hired Robert L. Mays, Jr. as her attorney and agreed to pay his reasonable and necessary attorney's fees, costs and expenses.

58.   Plaintiff McPeters requests the court to award damages, attorney's fees, expert witness fees, costs and expenses, as provided for by statute.

- 13 -

59.     Plaintiff is further entitled to prejudgment and post-judgment interest as, when and at

the rates allowed by law or equity.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Karen McPeters requests the

court to award judgment to Plaintiff McPeters for herself, and on behalf of all other

similarly situated persons and entities, against Defendant LexisNexis, including:

(i)     actual damages;

(ii)    statutory damages;

(iii)   exemplary damages;

(iv)    prejudgment interest;

(v)     reasonable attorney's fees;

(vi)    costs of court;

(vii)   post-judgment interest, and

(viii)  for such other relief, whether in whole or in part, whether general or
special, at law or in equity, to which Plaintiff Karen McPeters may, by this
pleading or proper amendment hereto, show herself entitled.

**A TRIAL BY JURY IS RESPECTFULLY DEMANDED.**

Respectfully submitted,

Robert L. Mays, Jr.
Attorney for Karen McPeters
TBN: 13308200
8626 Tesoro Drive, Suite 820
San Antonio, Texas 78217
Phone: 210-657-7772
FAX: 210-657-7780

- 14 -

DISTRICT CLERK
BEXAR CO. TEXAS

2011 JAN 24  AM 8: 59

DEPUTY

# CIVIL CASE INFORMATION SHEET

**2011CI-01119**

2011CI01119 -P00002

CAUSE NUMBER *(FOR CLERK USE ONLY):* **2011CI-01119**    COURT *(FOR CLERK USE ONLY):*

STYLED ___KAREN MCPETERS VS. LEXISNEXIS, A DIVISION OF REED ELSEVIER, INC.____

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>_Robert L. Mays, Jr.___<br><br>Address:<br><br>_8626 Tesoro Drive, Ste. 820_<br><br>City/State/Zip:<br><br>_San Antonio, Texas 78217___<br><br>Signature:<br><br>_____ | Email:<br><br>___mays7772@gmail.com___<br><br>Telephone:<br><br>_210-657-7772_____<br><br>Fax:<br><br>_210-657-7780_____<br><br>State Bar No:<br><br>_i3308200_____ | Plaintiff(s)/Petitioner(s):<br><br>Karen McPeters<br><br>Defendant(s)/Respondent(s):<br><br>LexisNexis, a division of Reed<br><br>Elsevier, Inc._____<br><br>*[Attach additional page as necessary to list all parties]* | ☑Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>_____<br><br>Non-Custodial Parent:<br><br>_____<br><br>Presumed Father:<br><br>_____ |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☑Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br>_____<br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract:<br>_____ | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>Liability:<br>_____<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>List Product:<br>_____<br>☐Other Injury or Damage:<br>_____ | ☐Eminent Domain/<br>Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>_____<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>Pre-indictment<br>☐Other:<br>_____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children<br><br>**Other Family Law**<br>☐Enforce Foreign<br>Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>of Minority<br>☐Other:<br>_____ | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br><br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _Civil Rights_ | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ | | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☑Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

DISTRICT CLERK
BEXAR CO. TEXAS

2011 JAN 24  AM 8: 59

DEPUTY

BY_____

Erica Hicks

PROCESS DEPT
C M 1




2011CI01119 -P00003

cit cml w/JD

**DONNA KAY McKINNEY**
**DISTRICT CLERK**

## REQUEST FOR PROCESS

**2011CI-01119**

Cause No. _____

Style:
KAREN McPETERS

_____ Court _____

**225th**

vs.
LEXIS NEXIS, A DIVISION OF REED ELSEVIER, INC.

PROCESS
SERVICE DEPT.

**Request the following process: (please check what applies)**

Citation ✓          Temp. Restraining Order ____          Temp. Protective Order ____

Notice ____          Notice on Temp Protective Order ____

Precept w/hearing ____          Precept without a hearing ____

Other: _____

**\*\*Type of document to be served:\*\***

** _____

**Parties to be served (PLEASE TYPE OR PRINT)**

1. LEXIS NEXIS, A DIVISION OF REED ELSEVIER, INC.
Registered Agent: C-T CORPORATION SYSTEM
Address 350 N. ST. PAUL ST.          Type\* PP-CERT MAIL
         DALLAS, TEXAS 75 201

2. _____
Registered Agent: _____
Address _____ Type\* _____

3. _____
Registered Agent: _____
Address _____ Type\* _____

4. _____
Registered Agent: _____
Address _____ Type\* _____

5. _____
Registered Agent: _____
Address _____ Type\* _____

\*Type: Sheriff; Constable Pct.___; Private Process; Certified Mail; Registered Mail; Out of County; Out of State; Secretary of State; Commissioner of Insurance;

Name of Attorney/Pro se: ROBERT L. MAYS JR          Bar No.: 13308200
Address: 8626 TESORO DR. #820          Phone No.: 210-657-7772
         SAN ANTONIO TX 78217

Attorney for Plaintiff ✓ Defendant _____ Other _____

FILED
DISTRICT CLERK
BEXAR CO. TEXAS
2011 JAN 24 AM 9:05
DEPUTY



2011CI01119 -P00006

CAUSE NO. 2011-CI-01119

| | | |
|---|---|---|
| **KAREN McPETERS**, individually, and on | § | IN THE DISTRICT COURT |
| behalf of those individuals, persons and entities | § | |
| who are similarly situated | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | 225TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| **LEXISNEXIS, a division of** | § | |
| **REED ELSEVIER, INC.** | § | |
| Defendants | § | BEXAR COUNTY, TEXAS |

## NOTICE OF COMPLIANCE WITH TEX. BUS. & COMM. CODE §17.501

Karen McPeters ("McPeters") provides notice, pursuant to Tex. Bus. & Comm. Code §17.501, that she transmitted a copy of her Plaintiff's Original Petition in the above styled and numbered cause to the Consumer Protection Division of the State of Texas, 115 E. Travis Street, Suite 925, San Antonio, Texas 78205 in accordance with Tex. R. Civ. P. 21a on this 24th day of January, 2011.

Respectfully submitted,

Robert L. Mays, Jr.
Attorney for Karen McPeters
TBN: 13308200
8626 Tesoro Drive, Suite 820
San Antonio, Texas 78217
Phone: 210-657-7772
FAX: 210-657-7780

- 1 -

FILED
DISTRICT CLERK
BEXAR CO. TEXAS

11  JAN 25  A 8: 29

DEPUTY

BY



## Locke Lord Bissell & Liddell LLP
### Attorneys & Counselors

100 Congress, Suite 300
Austin, TX 78701
Telephone: 512-305-4700
Fax: 512-305-4800
www.lockelord.com

Filed
11 February 22 A9:48
Donna Kay McKinney
District Clerk
Bexar District
Accepted by:
Jennifer Contreras

B. David L. Foster
Direct: 512-305-4751
dfoster@lockelord.com

February 21, 2011

**VIA EMAIL: Mays7772@gmail.com**
Robert L. Mays, Jr.
8628 Tesoro Drive, Suite 820
San Antonio, Texas 78217

Re:    Cause No. 2011-CI-01119; *Karen McPeters, individually and on behalf of those individuals, persons and entities who are similarly situated v. LexisNexis, a division of Reed Elsevier, Inc.*; 225th Judicial District of Bexar County, Texas

Dear Mr. Mays:

Thank you for taking my telephone call this afternoon. This letter is meant to memorialize, pursuant to Texas Rule of Civil Procedure 11, an agreement between our clients relating to the above-referenced lawsuit (the "Lawsuit"). It is my understanding that we have agreed to the following:

Your client, Karen McPeters ("Plaintiff"), agrees to extend the deadline for my client, LexisNexis, a division of Reed Elsevier, Inc. ("Defendant"), to answer or otherwise respond to the Lawsuit until Tuesday, March 1, 2011. Plaintiff further agrees that she will not attempt to take a default judgment in the interim and that the filing of this Rule 11 Agreement shall not be considered an initial appearance by Defendant in the Lawsuit.

If this letter accurately states our agreement, please so indicate by signing below. If this letter does not accurately state our agreement, please contact me immediately. Thank you again for your courtesies.

Very truly yours,

B. David L. Foster

AGREED:

__/S/ Robert L. Mays, Jr._____
Robert L. Mays, Jr.

Filed
11 February 21 A10:03
Donna Kay McKinney
District Clerk
Bexar District
Accepted by:
Angie Stone

CAUSE NO. 2011-CI-01119

| | | |
|---|---|---|
| **KAREN McPETERS**, individually, and on behalf of those individuals, persons and entities who are similarly situated<br>    Plaintiff | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§<br>§ | 225TH JUDICIAL DISTRICT |
| **LEXISNEXIS, a division of<br>REED ELSEVIER, INC.**<br>    Defendants | §<br>§<br>§ | BEXAR COUNTY, TEXAS |

## NOTICE OF COMPLIANCE WITH TEX. BUS. & COMM. CODE §17.501

Karen McPeters ("McPeters") provides notice, pursuant to Tex. Bus. & Comm. Code §17.501, that she transmitted a copy of her Plaintiff's First Amended Petition in the above styled and numbered cause to the Consumer Protection Division of the State of Texas, 115 E. Travis Street, Suite 925, San Antonio, Texas 78205 in accordance with Tex. R. Civ. P. 21a on this 17th day of February, 2011.

.

Respectfully submitted,

Robert L. Mays, Jr.
Attorney for Karen McPeters
TBN: 13308200
8626 Tesoro Drive, Suite 820
San Antonio, Texas 78217
Phone: 210-657-7772
FAX: 210-657-7780

- 1 -

CERTIFIED MAIL #7160390198463554 6694

"The State of Texas"  NO. _2011-CI-01119_

2011CI01119 -S00001

KAREN MCPETERS
**Plaintiff**
**vs.**

LEXISNEXIS A DIVISION OF REED ELSEVIER
**Defendant**
( Note: Attached Document May Contain Additional Litigants. )

**IN THE DISTRICT COURT**

_225th_ JUDICIAL DISTRICT

**BEXAR COUNTY, TEXAS**

**NOTICE**

**Citation** Directed to: LEXISNEXIS A DIVISION OF REED ELSEVIER INC

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM
350 N ST PAUL ST
DALLAS TX 75201-4240

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the _24th_ day of _January_, _2011_.
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS _24th_ DAY OF _January_ A.D., _2011_.

PLAINTIFF'S ORIGINAL PETITION

ROBERT L MAYS JR
**Attorney**/PLAINTIFF
address
8620 TESORO DR 820
SAN ANTONIO, TX 78217-6207

**DONNA KAY MCKINNEY**
**District Clerk of Bexar County, Texas**

By _Margaret Hernandez_ Deputy
MARGARET HERNANDEZ

---

OFFICER'S RETURN

Came to hand on the _24th_ day of _January_, A.D., _2011_ at _9:50_ o'clock _A_ .M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the ___ day of _____, A.D., _____, by delivering to _R. Pina_ a true copy of this _____ citation _____, upon which I endorsed the date of delivery, together with the accompanying copy of the _PLAINTIFF'S ORIGINAL PETITION_

Cause of failure to execute this _____ is _____.

**DONNA KAY MCKINNEY**,
Clerk of the District Courts of
Bexar County, Texas

By _Margaret Hernandez_ Deputy
MARGARET HERNANDEZ

**RETURN TO COURT**
(DK003)

US Postal Service
**Certified Mail Receipt**

Domestic Mail Only
No Insurance
Coverage Provided

7160 3901 9846 3554 6694

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

CRT

Postmark
Here

Sent To:

LEXISNEXIS A DIVISION OF REED ELSEVIER INC
C/O CT CORPORATION SYSTEM
350 N ST PAUL ST
DALLAS, TX 75201-4240

2011C101119 1/24/2011 C1TCM MARGARET HERNANDEZ

PS Form 3800, January 2005     US Postal Service     **Certified Mail Receipt**

2

**FILED**
___ O'CLOCK ___M
JAN 3 1 2011
Donna Kay McKinney
Bexar County District Clerk
Bexar County, Texas

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

R. Pino    JAN 2 7 2011

C. Signature

X R. PINA

☐ Agent
☐ Addressee

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

2. Article Number

7160 3901 9846 3554 6694

3. Service Type  **CERTIFIED MAIL**

4. Restricted Delivery? (Extra Fee)    ☐ Yes

1. Article Addressed to:

LEXISNEXIS A DIVISION OF REED ELSEVIER INC
C/O CT CORPORATION SYSTEM
350 N ST PAUL ST
DALLAS, TX 75201-4240

2011C101119 1/24/2011 CHCMC MARGARET HERNANDEZ

PS Form 3811, January 2005    Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

● Print your name, address and ZIP+4 below. ●

FILED
DISTRICT CLERK
XAS

JAN 3

DEP

MARGARET G MONTEMAYOR
BEXAR COUNTY DISTRICT CLERK
BEXAR COUNTY COURTHOUSE
100 DOLOROSA
SAN ANTONIO TX 78205-3002

CERTIFIED MAIL #71603901984635546694

"The State of Texas"     NO. __2011-CI-01119__

2011CI01119 -S00001

KAREN MCPETERS_____
Plaintiff
vs.

LEXISNEXIS A DIVISION OF REED ELSEVIER_____
Defendant
( Note: Attached Document May Contain Additional Litigants. )

IN THE DISTRICT COURT

225th JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

**NOTICE**

**Citation** Directed to: LEXISNEXIS A DIVISION OF REED ELSEVIER INC

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM
350 N ST PAUL ST
DALLAS TX 75201-4240

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the __24th__ day of __January__, __2011__.
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS __24th__ DAY OF __January__
A.D., __2011__.

PLAINTIFF'S ORIGINAL PETITION

ROBERT L MAYS JR_____
Attorney/PLAINTIFF
address
8626 TESORO DR 820
SAN ANTONIO, TX 78217-6207

DONNA KAY MCKINNEY
District Clerk of Bexar County, Texas

By: _____, Deputy
(MARGARET HERNANDEZ)

**OFFICER'S RETURN**

Came to hand on the __24th__ day of __January__, A.D., __2011__ at __9:50__ o'clock __A__.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., _____, by delivering to _____ a true copy of this _____ citation _____, upon which I endorsed the date of delivery, together with the accompanying copy of the __PLAINTIFF'S ORIGINAL PETITION_____

_____
_____
_____.

Cause of failure to execute this _____ is _____.

DONNA KAY MCKINNEY
Clerk of the District Courts of
Bexar County, Texas

By _____ Deputy
MARGARET HERNANDEZ

FILE COPY
(DK003)

CAUSE NO. 2011CI-01119

| | | |
|---|---|---|
| KAREN MCPETERS, individually and on behalf of those individuals, persons and entities who are similarly situated | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | BEXAR COUNTY, TEXAS |
| v. | § | |
| | § | |
| LEXISNEXIS, a division of REED ELSEVIER, INC., | § § | |
| *Defendant.* | § | 225TH JUDICIAL DISTRICT |

## DEFENDANT'S NOTICE TO STATE COURT OF REMOVAL

Please take notice that Defendant LexisNexis, a division of Reed Elsevier, Inc. filed a Notice of Removal in the Office of the Clerk of the United States District Court for the Western District of Texas, San Antonio Division. A copy of the Notice of Removal is attached hereto as **Exhibit 1**. Please take further notice that pursuant to 28 U.S.C. § 1446, the filing of the Notice of Removal in the United States District Court, together with the filing of the Notice with the Clerk of this Court, effects the removal of the above-styled action to the United States District Court for the Western District of Texas, San Antonio Division. Accordingly, this Court may proceed no further unless and until the case is remanded.



EXHIBIT

B

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP

By: _Amanda M Schaeffer_

  Robert T. Mowrey
  Texas Bar No. 14607500
  2200 Ross Avenue, Suite 2200
  Dallas, TX 75201-6776
  (214) 740-8000
  (214) 740-8800 (Facsimile)
  rmowrey@lockelord.com

  B. David L. Foster
  Texas Bar No. 24031555
  Amanda M. Schaeffer
  Texas Bar No. 24059115
  100 Congress Ave., Suite 300
  Austin, Texas 78701
  (512) 305-4700
  (512) 305-4800 (Facsimile)
  dfoster@lockelord.com
  aschaeffer@lockelord.com

PAUL HASTINGS JANOFSKY & WALKER, LLP

  John G. Parker
  Georgia Bar No. 562425*
  J. Allen Maines
  Georgia Bar No. 466575*
  Emily L. Shoemaker
  Georgia Bar No. 558138*
  S. Tameka Phillips
  Georgia Bar No. 245633*
  600 Peachtree Street, N.E.
  Twenty-Fourth Floor
  Atlanta, GA 30308
  (404) 815-2400
  (404) 685-5252 (Facsimile)

  *Pro hac vice applications forthcoming*

ATTORNEYS FOR DEFENDANT LEXISNEXIS,
A DIVISION OF REED ELSEVIER, INC.

2

## CERTIFICATE OF SERVICE

I certify by my signature below that a true and correct copy of the above has been forwarded as indicated to the following on this 25 th day of February, 2011.

**VIA U.S. MAIL**
Robert L. Mays, Jr.
8626 Tesoro Drive
San Antonio, Texas 78217

Amanda M. Schaeffer
Amanda Schaeffer

3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KAREN McPETERS, **individually, and on behalf of those individuals, person and entities who are similarly situated,** | § § § § | |
| Plaintiff | § § | |
| vs. | § § | NO. |
| **LEXISNEXIS**, a division of **REED ELSEVIER, INC.,** | § § § | |
| Defendant. | § | |

**EXHIBIT**

tabbies®

_C_

I, Thomas A. Smith, declare and state as follows:

     1.     I am Vice-President of Human Resources, Policy, Compliance and Strategic Initiatives at LexisNexis, a div. of Reed Elsevier Inc. I make this Declaration in support of LexisNexis' Notice of Removal. I have personal knowledge of the facts set forth in this Declaration.

     2.     LexisNexis is a division of Reed Elsevier Inc. Reed Elsevier Inc. is incorporated under the laws of the State of Massachusetts.

     3.     Dayton, Ohio is the U.S. region headquarters for LexisNexis. It is the central site for LexisNexis business operations and the delivery of services to U.S. customers. The global corporate headquarters for the company is in New York, but the Dayton location is the U.S. location that has the greatest number of employees handling the day-to-day provision of services, development, and support for U.S. LexisNexis products.

     4.     I declare under penalty of perjury under the laws of the United States and the State of Ohio that the foregoing is true and correct.

Executed this 22nd day of February, 2011, at Miamisburg, Ohio.

_____
Thomas A. Smith

LEGAL_US_E # 91853287.1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

KAREN McPETERS, **individually, and on** §
**behalf of those individuals, person and** §
**entities who are similarly situated,** §
§
Plaintiff §
§
vs. § NO.
§
**LEXISNEXIS**, a division of §
**REED ELSEVIER, INC.,** §
§
Defendant. §

I, Richard Steiner, declare and state as follows:

1.    I am a Business Solutions Consultant at LexisNexis. I make this Declaration in support of LexisNexis' Notice of Removal. I have personal knowledge of the facts set forth in this Declaration.

2.    As a Business Solutions Consultant, I have access to the databases and records in connection with LexisNexis' File and Serve system used in Texas courts.

3.    I have read the complaint in this action. It is my understanding that in this action, Plaintiff Karen McPeters ("Plaintiff") has defined the putative class as the class of persons subjected to E-filing and have paid E-filing fees and charges to LexisNexis since 2002. I also understand that Plaintiff has asserted that the class as alleged contains more than 16,000 individuals.



4.      Prior to signing this declaration, I reviewed File and Serve data including Filing and Service revenues[1] and Optional Service revenues[2]. This data identifies litigants who have used the File and Serve system for filings in Montgomery County, Texas and Jefferson County, Texas since 2002.

5.      After reviewing this data, I calculated that the total amount of fees paid by litigants using the File and Serve system for filings in Montgomery County, Texas and Jefferson County, Texas since 2002 likely exceeds $7,000,000.

I declare under penalty of perjury under the laws of the United States and the State of Ohio that the foregoing is true and correct.

Executed this 24th day of February, 2011, at Miamisburg, Ohio.

Richard Steiner, Declarant

---

[1] Filing and Service revenues include fees associated with submitting documents electronically to a court or serving those document on parties.

[2] Optional Service revenues include fees associated with services not directly related to e-filing or e-service, such as search and reports of cases or transactions on our system.