UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN MCPETERS, individually, and on behalf of those individuals, persons, and entities who are similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LEXISNEXIS, a division of REED ELSEVIER, INC.,<br><br>Defendant. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-11-2056 |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Remand (Doc. No. 11). After considering the parties' filings and the applicable law, the Court denies the motion.

### I.   BACKGROUND

Plaintiff Karen McPeters challenges the electronic filing ("e-filing") charges imposed by Defendant LexisNexis on litigants in Texas state courts in Montgomery and Jefferson Counties. McPeters alleges that LexisNexis has violated several provisions of the Texas Constitution, the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA"), the Texas Theft Liability Act ("TTLA"), the Texas Business and Commerce Codes, and that LexisNexis has committed common-law fraud.

McPeters previously sued LexisNexis as well as other defendants in another action in this Court. *McPeters v. Edwards*, Case No. 4:10-cv-1103 (S.D. Tex.). The Court granted the defendants' Motion to Dismiss McPeters's federal-law claims in that case, and declined to exercise supplemental jurisdiction over her state-law claims. *Id.*, Doc.

1

No. 100. The Court then denied McPeters's Motion for Reconsideration but amended its Memorandum and Order. *Id.*, Doc. No. 111. McPeters appealed, and the case is currently pending before the Fifth Circuit.

After McPeters's state-law claims were dismissed without prejudice in *McPeters v. Edwards*, she filed this case in state court asserting various state-law claims. LexisNexis removed to federal court in the Western District of Texas, and Judge Fred Biery granted LexisNexis's Motion to Transfer the case to this district. The case was initially assigned to Judge Gray Miller but was transferred to this Court because the related case had been before Judge Keith Ellison. In the Order transferring the case to this district, Judge Biery denied all pending motions as moot, with the exception of Plaintiff's Motion to Remand the Case to State Court.

The sole disputed issue in the Motion to Remand is whether the amount in controversy is sufficiently high to establish federal diversity jurisdiction under the Class Action Fairness Act ("CAFA").

## II. LEGAL STANDARD

"CAFA authorizes federal jurisdiction over class actions that allege (1) the class of plaintiffs would exceed 100 persons, (2) at least one member of the class is diverse in citizenship from at least one of the defendants, and (3) the aggregate quantum of damages suffered by members of the plaintiff class exceeds $5 million (exclusive of interest or costs)." *Berniard v. Dow Chemical Company*, Case No. 10-30497, slip op. at 4 (5th Cir. Aug. 6, 2010) (per curiam) (unpublished) (citing 28 U.S.C. § 1332(d)(2) and (5)(B)). CAFA also provides that class actions may be removed to federal court. 28 U.S.C. § 1453.

2

The party that seeks removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). When the quantity of damages is not alleged by the plaintiff class, the defendant "must prove by a preponderance of the evidence that the amount in controversy equals or exceeds the jurisdictional amount." *Berniard*, slip op. at 7 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). "The removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands." *Id.*, slip op. at 8 (emphasis in original) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). "In proceeding from that point, a defendant seeking to sustain removal may follow either of two tracks: (1) Adduce summary judgment evidence of the amount in controversy, or (2) demonstrate that, from the class plaintiffs' pleadings alone, it is 'facially apparent' that CAFA's amount in controversy is met." *Id.* (citing *De Aguilar*, 11 F.3d at 57-58 and *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)). Once the defendant has met its burden, the plaintiff must prove "to a legal certainty that the claim is really for less than the jurisdictional amount" to justify remand. *De Aguilar*, 47 F.3d at 1411-12 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

## III.   ANALYSIS

LexisNexis contends that the amount in controversy is over $5 million; McPeters contends it is less. McPeters has not specified the amount of damages sought by the class,

so LexisNexis has the burden of proving by a preponderance of the evidence that the amount in controversy is at least $5 million. *Berniard*, slip op. at 7.[1]

In support of its claim that the amount-in-controversy requirement has been met, LexisNexis provides an affidavit from Richard Steiner, a "Business Solutions Consultant" at LexisNexis. In that affidavit, Steiner states that, based on LexisNexis's e-filing data, he "calculated that the total amount of fees paid by litigants using the File and Serve system for filings in Montgomery County, Texas and Jefferson County, Texas since 2002 likely exceeds $7,000,000." (Doc. No. 1, Ex. D, at 2.) McPeters does not dispute the total fee amount that LexisNexis has collected from e-filing in Montgomery and Jefferson Counties, but instead argues that the total fee amount is an improper measure of damages.

In her First Amended Petition, McPeters alleges that all of the fees charged by LexisNexis in the two counties are unlawful. For example, she alleges that "permissible fees and charges are set forth in the Texas Government Code and in the Local Government Code," and that the Texas legislature has "made no provision for additional mandatory filing fees or unregulated charges as a condition for access to any court." (Doc. No. 1, Ex. A, ¶¶ 46-47.) She alleges that "any 'fee' is unlawful if it is higher than the same fee as set by the legislature." (*Id.*, ¶ 62.) And she alleges that "[t]he aggregate amount of the LexisNexis charges to Plaintiff McPeters, and similarly situated persons, constitute a first degree felony under Texas law." (*Id.*, ¶ 84.) Accordingly, it appears from the face of the complaint that McPeters alleges damages of the entirety of fees charged by

---

[1] It is undisputed that all other requirements for federal jurisdiction under 28 U.S.C § 1332(d) are met.

LexisNexis to the plaintiff class. The Steiner Affidavit indicates that that sum is likely over $7 million—well over the jurisdictional minimum.[2]

In addition, McPeters specifically seeks "three times the amount of her economic damages," as provided for by the DTPA. *See* Tex. Bus. & Comm. Code § 17.50(b)(1). She also seeks exemplary damages, injunctive relief, and attorney's fees. (Doc. No. 1, Ex. A, at 25-26; *see Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy.").) Even if not all of LexisNexis's charges could be considered in the amount in controversy, the claimed damages would still exceed $5 million when the treble damages, exemplary damages, and attorney's fees are considered. For example, McPeters suggests in the First Amended Petition and the Motion to Remand that litigants who are compelled to e-file in Montgomery County using LexisNexis pay "at least 50% more per transaction than the average charge to individuals in other counties served by other E-filing providers." (*See id.* at ¶ 97; *see also* Doc. No. 11, at 9.) Even if the Court were to limit the claimed damages to the alleged difference in charges between LexisNexis and e-filing providers in other counties, the alleged damages would be at least 50% of $7 million, or $3.5 million. When treble damages, exemplary damages, and attorney's fees are included, that far exceeds the jurisdictional minimum.

---

[2] McPeters cites two Eleventh Circuit cases for the proposition that total revenues do not determine the amount in controversy. (Doc. No. 11, at 4-6 (citing *Thomas v. Bank of America*, 570 F.3d 1280, 1282-83 (11th Cir. 2009) and *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330-32 (11th Cir. 2006)). However, neither of those cases suggested a blanket rule that total revenues should not be considered. Instead, the courts determined, based on the alleged facts in those cases, that total revenue was an overbroad measure of the amount in controversy because the complaints alleged only a subset of that revenue in damages. *See Thomas*, 570 F.3d at 1282 ("The district court found that the $4.8 million figure did not accurately identify the amount in controversy because Thomas's complaint did not allege that all of the Georgia Credit Protection Plus customers were entitled to relief for the entire amount of their Credit Production Plus fees."); *Miedema*, 450 F.3d at 1331 ("the complaint makes clear that Plaintiff is only pursuing relief "on behalf of herself and all other similarly situated consumers of Maytag ranges/ovens *that incorporate the defective motorized latch assembly* . . .") (emphasis in original). Accordingly, the fact-specific analysis in those cases does not change the outcome of the fact-specific analysis in the instant case.

Finally, McPeters argues that, for purposes of this motion, only damages from 2008 to 2011 should be counted, because "LexisNexis can later claim that damages are limited under the statute of limitations" under the DTPA. (Doc. No. 11, at 9.) However, the Court may not consider defenses such as statutes of limitations in determining the amount in controversy. *See, e.g., Johns-Manville Sales Corp. v. Mitchell Enterprises, Inc.*, 417 F.2d 129, 131 (5th Cir. 1969) (statute of limitations defense, even if apparent upon the face of the complaint, does not operate to deprive the federal court of jurisdiction based on amount in controversy); *Miedema*, 450 F.3d at 1332 n.9 ("When determining the amount in controversy for jurisdictional purposes, however, courts cannot look past the complaint to the merits of a defense that has not yet been established."). The Court understands McPeters's concern that LexisNexis may assert for jurisdictional purposes that the amount in controversy is one amount, and then argue later in the case that little or no damages are available based on various defenses. However, given the governing legal standards, that possibility does not justify remand.

The Court finds that LexisNexis has proven by a preponderance of the evidence that the amount in controversy exceeds $5 million. McPeters has failed to prove that, as a matter of law, she cannot recover that amount. Accordingly, there is federal jurisdiction under 28 U.S.C. § 1332(d)(2).

## IV.    CONCLUSION

For the reasons discussed in this order, Plaintiff's Motion to Remand (Doc. No. 11) is **DENIED**.


**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 10th day of June, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE