UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Karen McPeters, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | Case No. 4:11-cv-02056 |
| | § | |
| LexisNexis, | § | |
| | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Dismiss ("Motion"). (Doc. No. 68.) After considering the Motion, all responses and replies thereto, and the applicable law, the Court concludes that the Motion should be **GRANTED in part** and **DENIED in part**.

**I. Background**

Plaintiff Karen McPeters is a Montgomery County civil litigant who challenges the electronic filing ("e-filing") charges imposed by Defendant on litigants in Texas state courts in Montgomery and Jefferson counties. Plaintiff brings this suit as a putative class action, and alleges that Defendant has violated several provisions of the Texas Constitution, the Texas Deceptive Trade Practices ("DTPA"), the Texas Theft Liability Act ("TTLA"), and the Texas Business and Commerce Codes.

Plaintiff previously sued Defendant in a related action in this Court, asserting both federal law and Texas state law claims. *McPeters v. Edwards,* 806 F. Supp. 2d 978 (S.D. Tex. 2011) *aff'd*, 464 F. App'x 351 (5th Cir. 2012). Defendant filed a motion to dismiss in that case. This Court granted Defendant's motion, dismissing Plaintiff's

1

federal claims, and declined to exercise supplemental jurisdiction over her state law claims. Plaintiff appealed, and the decision regarding the federal claims was affirmed by the Fifth Circuit. *McPeters v. Edwards*, 464 F. App'x 351, 352 (5th Cir. 2012).

Plaintiff initiated the instant action in Bexar County, and Defendant removed it to this Court on the basis of diversity. The disputed issues resolved in this Order concern Plaintiff's state claims.

**II. LEGAL STANDARD**

Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim for which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). A claim "does not need detailed factual allegations" but must provide party's grounds for entitlement to relief, "including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007), *citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

A district court will dismiss a claim under Fed. R. of Civ. P. 12(b)(6) only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1992). A complaint will only survive a motion for dismissal if the plaintiff pleads sufficient facts to state a claim for

relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Twombly*, 550 U.S. at 570.

**III. ANALYSIS**

**A. The Texas Deceptive Trade Practices Act ("DTPA")**

Plaintiff alleges that Defendant engaged in false, misleading, or deceptive practices (**§** 17.46(b) of the DTPA) and that Defendant engaged in unconscionable conduct (**§** 17.50(a)(3)). The Court grants Defendant's Motion with regard to **§** 17.46(b) and denies Defendant's Motion with regard to 17.50(a)(3).

**1. § 17.46(b): False, Misleading, or Deceptive Acts**

Section 17.46(b) of the DTPA makes unlawful false, misleading, or deceptive acts or practices in the conduct of any trade or commerce. Plaintiff alleges that Defendant made implied representations that it was a government actor, and misled Plaintiff about the amount and nature of the e-filing fee. Defendant asserts that Plaintiff has not demonstrated causation or injury based on Defendant's conduct. Detrimental reliance is an essential element for proving false, misleading or deceptive acts under the DTPA. Tex. Bus. & Com. Code § 17.50(a)(1)(B). The Court finds that the Plaintiff has not demonstrated causation because she has failed to allege any specific concealments by Defendant that she relied upon to e-file. Plaintiff had knowledge of the alternatives to e-filing before she chose to e-file. (Compl. ¶10, 82). She did not choose to e-file because she thought that Defendant was charging her a "filing fee," rather than an e-filing fee.

3

Plaintiff also alleges that Defendant concealed information such as the amount of the e-filing fee, the ability to pay for filing without paying for service of a document, and the cost of an invoice for services provided from the consumer. The Court finds that 1) these concealments did not induce Plaintiff to pay the e-filing fee, and 2) failure to disclose the e-filing fee is not a violation of the DTPA. To be actionable, Defendant's failure to disclose must have been "intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed." *See* DTPA § 17.46(b)(24) (Vernon Supp.2001), cited in *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 901 (W.D. Tex. 2001). Plaintiff has not alleged that she would have used an alternative method if she had known the cost of e-filing, indeed she states that the "local terminal option" for filing court documents is "even more costly and inconvenient," which is why she chose not to use it (Compl. ¶ 82(i)).

Plaintiff alleges that parties in Montgomery County have misrepresented Defendant's role in e-filing to her. However, Plaintiff cannot show that Defendant is responsible for misstatements by other parties. For example, Plaintiff points to the statements of the Montgomery County District Clerk, who incorrectly informed her that e-filing was mandatory. While "there may be more than one proximate cause of an event," Plaintiff has not sufficiently asserted that the Defendant is one cause of the false, misleading, or deceptive conduct. *Del Lago Partners, Inc. v. Smith,* 307 S.W.3d 762, 774 (Tex. 2010), citing *Lee Lewis Constr., Inc. v. Harrison,* 70 S.W. 3d 778, 784 (Tex. 2001).

2. **Section 17.50(a)(3): Unconscionability**

Plaintiff alleges that e-filing fees charged by Defendant are unconscionable. An 'unconscionable action or course of action' means an act or practice which, to a person's detriment: (A) takes advantage of the lack of knowledge, ability, experience, or capacity of a person to a grossly unfair degree; or (B) results in a gross disparity between the value received and consideration paid, in a transaction involving transfer of consideration." Tex.Bus. & Com.Code § 17.45(5); *Latham v. Castillo*, 972 S.W.2d 66, 72 (Tex. 1998) *citing Chastain v. Koonce*, 700 S.W.2d 579, 582 (Tex. 1985). Plaintiff asserts a plausible claim that Defendant's charges are grossly higher than those of similar providers of e-filing. For example, Defendant charges almost twice as much as TexasOnline. (Compl. ¶ 31). Plaintiff contends that an individual filing in Montgomery County or Jefferson County has little alternative to paying this higher fee.

Defendant points to the fact that Plaintiff had alternatives to e-filing. Plaintiff could have brought her filings in the form of 3–1/2" IBM or compatible formatted disc to the public terminal located in the District Clerk's Office and uploaded the pleadings at no charge. Additionally, Plaintiff could file a motion for leave to file in a traditional manner. However, the existence of alternatives does not mean that Defendant's fees are not unconscionable. As the sole provider in Montgomery and Jefferson County of e-filing—the most convenient and widely used method of filing—Defendant can take advantage of individuals by setting whatever fee it likes. Parties who are out-of-state cannot meaningfully take advantage of the public terminal option, and could not request leave of court to file in a traditional manner without using e-filing or the public terminal to file the motion for leave. The availability of alternatives is not sufficient to defeat a

claim of unconscionability if those choices are not meaningful ones. *Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121 (Tex. App. 2005).

Additionally, as this Court noted in a prior related case (*McPeters v. Edwards*, 806 F. Supp. 2d 978, 991 (S.D. Tex. 2011) *aff'd*, 464 F. App'x 351 (5th Cir. 2012)), it is not clear that there is any limit to the rates Defendant could charge for its service, although the law suggests that fees must be minimal and reasonable. The 2003 Order expressly represents that "a minimal fee is assessed for each filing and service delivery made through the system." (Doc. No. 68-2, at 2). Additionally, the Texas Government Code sets forth filing fees and other fees to be charged by district clerks. Tex. Govt. Code §§ 51.317–19, 101.061–101.0617, 103.021–103–033 (Vernon's 2005). The statute provides that "for performing any other service prescribed or authorized by law for which no fee is set by law" the district clerk shall collect "a reasonable fee." *Id.* at § 51.319. Both "minimal fee" and "reasonable fee" indicate there should be an upward limit to the fee Defendant can charge for its services. It is not clear that there is currently any oversight or any limit to the fees Defendant can charge. Plaintiff has asserted a plausible claim regarding unconscionability.

## B. Texas Constitution

Plaintiff asserts seven separate causes of action that arise from the Texas Constitution: Equal Rights (Art 1, §3), Open Courts (Art 1, §13), the Takings Clause (Art 1, §17), Due Course of Law (Art 1, §19), Monopoly (Art 1, §26), and the Right to Petition (Art 1, §27). After addressing the overall question of state action, each claim will be treated individually.

For constitutional claims, Plaintiff must allege that the deprivation of her rights was caused by state action since the "guarantees of the Texas Bill of Rights generally

apply only against the government." *Republican Party of Texas v. Dietz,* 940 S.W. 2d 86, 89 (Tex. 1997). See also Tex. Const. art. I, § 29 (the Texas "Bill of Rights" applies to "the general powers of government"). However, private conduct can be state action, a determination that is made on a case-by-case basis. *Dietz*, 940 S.W.2d at 91. Private conduct is "state action" when the conduct can be "fairly attributed to the government." *Id; cited by Laredo Fraternal Order of Police, Lodge 911 v. City of Laredo, Tex.,* L-04-134, 2005 WL 1189839 (S.D. Tex. Apr. 29, 2005); *Cross v. State*, 2004 WL 1535606 (Tenn. A.G. July 8, 2004). While Texas courts have articulated more specific tests for state action with regard to free speech and equal rights [1]—tests that are not necessarily co-extensive with federal tests—the "fairly attributed to the government" standard is the general test for determining whether private conduct is state action.

The question of whether e-filing can be fairly attributed to the state is a novel one. The Court recognizes that Defendant is not the government, nor should a private party's actions be construed as state action simply because the private party is contracting with or licensed by the state. *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163 (1972); *Campos v. S. Texas Beverage Co.*, 679 S.W.2d 739, 740 (Tex. App. 1984). However, the Court finds that Plaintiff has a plausible claim that e-filing fees are fairly attributable to the state. Traditionally, filing was done with the court, and filing fees were collected by the court. The usage of a third-party vendor to collect fees for e-filing

---

[1] With regard to the Texas Equal Rights Amendment, private conduct is considered state action if it is "encouraged by, enabled by, or closely interrelated in function with state action." Vernon's Ann.St.Const. art. 1, § 3a. *Lincoln v. Mid-Cities Pee Wee Football Ass'n*, 576 S.W.2d 922 (Tex. Civ. App. 1979). A standard adopted with regard to the Texas Constitution's free speech clause is whether the Defendant "was so substantially involved with state and federal activity, that its actions should be treated as those of a public entity for the purposes of constitutional adjudication." *Jones v. Mem'l Hosp. Sys.*, 746 S.W.2d 891, 895 (Tex. App. 1988). The Jones court also noted that it was adopting a test that required a lower threshold of public activity than the federal tests to determine if private conduct is state action. *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 292 (1982); *State v. Schmid*, 84 N.J. 535, 562 (1980).

7

is a recent development. Additionally, there are states that do not use private companies to set up their e-filing.[2]

While Plaintiff's specific constitutional claims may be dismissed on other grounds, Plaintiff has a plausible claim that e-filing fees could be considered state action, even though the government has contracted with a private party vendor to run its e-filing system. The Court declines to dismiss constitutional claims on the grounds that e-filing is purely private conduct.

Defendant also argues that the Texas Constitution does not provide a private right of action for damages. Texas recognizes no private cause of action against a governmental entity or its officials for money damages relating to alleged violations of Texas constitutional rights. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149–50 (Tex.1995); *Hamilton v. Pechacek*, 319 S.W.3d 801, 812 (Tex. App. 2010). However, equitable remedies for violation of constitutional rights may be enforced. *Bouillion*, 896 S.W. 2d at 149. In Plaintiff's Complaint, she requests injunctive relief along with money damages. Because Plaintiff seeks injunctive relief, the Court will not bar constitutional claims on this ground either.

1. **Equal Rights (Art 1, §3)**

Plaintiff alleges that she has an equal rights claim because Judge Edwards authorized "different financial treatment of similarly situated individuals" in his 2003 Order. The Court grants Defendant's Motion on this claim because Plaintiff does not allege she belongs to a protected class. To state a claim for an equal rights violation, Plaintiff must allege that equality under the law has been denied "because of a person's

---

[2] A cursory view of the states' database (http://www.ncsc.org/topics/technology/electronic-filing/state-links.aspx) reveals that some states have e-filing systems run by their judicial branches. (See, e.g., Alabama and Connecticut.)

membership in a protected class of sex, race, color, creed, or national origin." *Bell v. Low Income Women of Tex.*, 95 S.W.3d 253, 257 (Tex. 2002). Differing financial treatment because of more expensive e-filing fees in Montgomery and Jefferson County is not sufficient to allege a violation of equal rights.

**2. Open Courts (Art 1, §13)**

Plaintiff also contends that Defendant's e-filing fees violate the open courts provision of the Texas Constitution, which provides that "[a]ll courts shall be open, and every person for an injury done to him, in his lands, goods, person or reputation, shall have remedy by due course of law." Tex. Const. Art. I, § 13. One constitutional guarantee arising from the open courts provision is that citizens must have access to those courts unimpeded by unreasonable financial barriers. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 448 (Tex. 1993). The issue is whether, in light of the state interest involved, the e-filing fees are an unreasonable financial barrier to court access.

Court costs that are reasonable and not imposed simply to increase the general revenue have traditionally been found to be constitutional. *Dallas County v. Sweitzer*, 881 S.W.2d 757, 765 (Tex. App. 1994) citing *LeCroy v. Hanlon*, 713 S.W.2d 335, 342 (Tex. 1986). Charging litigants a reasonable fee for judicial support services does not violate the open courts provision. However, the Texas Supreme Court has stated that any form of tax as a condition to access the courts is prohibited by the open courts provision. *Id*. In *LeCroy*, for example, the court found that the legislature could not increase filing fees to enhance the state's general revenue. In the court's view, the constitutional defect was that money collected from filers could go to programs other

than the judiciary. *LeCroy*, 713 S.W.2d at 341. It is not clear that all the e-filing fees at issue in this case benefit the judiciary; the relatively high fee that is being imposed suggests that some part of the fee may be going to Defendant, rather than to the judiciary.

Even if Plaintiff demonstrated that the e-filing fee charged was unconstitutional, Defendant argues that Plaintiff does not have standing because she did not suffer an actual injury. The Texas Constitution's open courts provision contemplates access to the courts only for those litigants who have suffered an actual injury, as opposed to one that is general or hypothetical. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993); *S. Texas Water Auth. v. Lomas*, 223 S.W.3d 304, 307 (Tex. 2007). An individual must demonstrate a particularized interest in a conflict distinct from that sustained by the public at large. *Williams v. Lara*, 52 S.W.3d 171, 178 (Tex. 2001). Plaintiff has demonstrated a particularized interest that is not general or hypothetical. Plaintiff's fee was actually imposed on her. While Plaintiff acquiesced to paying the e-filing fee, this does not mean that she was not injured by the cost. Indeed, she paid the filing fee while objecting to it.

The Court acknowledges that e-filing does serve an important governmental purpose. However, that does not justify an unreasonably high fee. Indeed, both the 2003 Order and Texas Government Code state that the fee must be "minimal" and "reasonable," respectively. (Doc. No. 68-2, at 2; Tex. Govt. Code § 51.319.) Thus, the Court denies Defendant's Motion to Dismiss as to Plaintiff's open court's claim.

**3. Takings Clause (Art 1, §17)**

To establish a takings claim, Plaintiff must allege an intentional act of the state. *Green Int'l, Inc. v. State*, 877 S.W.2d 428, 434 (Tex. App. 1994). Furthermore, the takings claim must be based on intentional state action that is within the state's authority. *Id. See also Steele v. City of Houston*, 603 S.W.2d 786, 792 (Tex. 1980); *Firemen's Ins. Co. of Newark, N.J. v. Bd. of Regents of Univ. of Texas Sys.*, 909 S.W.2d 540, 543 (Tex. App. 1995). The "liability of the State for taking, damaging, or destroying private property for public use, where the authority is properly exercised, should not be confused with the claim for damages caused by the negligent acts or wrongs committed by its agents or officers." *State v. Hale*, 146 S.W.2d 731, 737 (1941). Thus, a plaintiff cannot claim that a negligent act or wrongdoing is a taking.

Here Plaintiff alleges that Defendant unlawfully and fraudulently collected e-filing fees by representing it was the government. Additionally, Plaintiff alleges that the e-filing system and the accompanying fees were not properly adopted within the bounds of applicable Texas Law. (Doc. No. 81.) Because Plaintiff alleges e-filing fees were illegally collected, Defendant's actions do not qualify as a taking. The Court, therefore, grants Defendant's Motion with respect to the takings claim.

**4. Due Course of Law (Art 1, §19)**

Due course of law, as used in Section 19, has traditionally been viewed as co-extensive with the United States Constitution's due process of law guarantee. *Mellinger v. City of Houston*, 68 Tex. 37, 3 S.W. 249, 252–53 (1887); *In re Estate of Touring*, 775 S.W.2d 39 (Tex. App. 1989); *Massachusetts Indem. & Life Ins. Co. v. Texas State Bd. of Ins.*, 685 S.W.2d 104, 113–14 (Tex.App. 1985); *Armstrong v. Randle*, 881 S.W.2d 53, 56 (Tex. App. 1994). With any due process challenge, a plaintiff must show: 1) a

constitutionally protected property interest, 2) what process was owed before that interest could be deprived, and 3) the inadequacy of the process provided. *Johnson v. Houston Indep. Sch. Dist.,* 930 F. Supp. 276, 286 (S.D. Tex. 1996). In Plaintiff's Complaint, she does not allege what process was owed to her and how it was inadequate because of e-filing fees. (Compl. ¶118.) Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1992). Because Plaintiff does not allege any facts as to the nature of the violation of her right to due course of law, the Court grants Defendant's Motion.

**5. Monopoly (Art 1, §26)**

Plaintiff alleges that Defendant has violated the prohibition against monopolies and her "right to be free of its monopolistic E-filing charges." To establish an illegal monopoly, a plaintiff must show (1) the defendant's possession of monopoly power in the relevant market, and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historical accident. *Caller–Times Pub. Co., Inc. v. Triad Communications, Inc.*, 826 S.W.2d 576, 580 (Tex.1992); *Chromalloy Gas Turbine Corp. v. United Technologies Corp.*, 9 S.W.3d 324, 327 (Tex. App. 1999). Plaintiff has alleged in her Complaint that the contract with Defendant was procured in violation of the competitive bidding requirement found in the Texas Local Government Code, § 262.021. Before a county may make a purchase under a contract that exceeds $25,000, the county must comply with the competitive bidding procedures prescribed by the Texas Government Code. § 262.023(a)(1). The purpose of the competitive bidding

12

procedures is, at least in part, to prevent monopolies from forming. Competitive bidding's purpose is "to stimulate competition, prevent favoritism and secure the best work and materials at the lowest practicable price, for the best interests and benefit of the taxpayers and property owners." *Sterrett v. Bell*, 240 S.W.2d 516, 520 (Tex. Civ. App. 1951) Plaintiff has thus established a plausible claim of monopoly since she alleges that other providers of e-filing were foreclosed from providing their services to Montgomery and Jefferson County.

**6. Right to Petition (Art 1, §27)**

The right to petition for redress of grievances is inseparable from the right of free speech. *Johnson v. San Jacinto Junior College,* 498 F.Supp. 555, 578 (S.D.Tex.1980). Although the rights are distinct guarantees, they were cut from the same constitutional cloth and were inspired by the same principles and ideals. *See, e.g., Singh v. Lamar University,* 635 F.Supp. 737, 739 (E.D.Tex.1986) *cited by Puckett v. State*, 801 S.W.2d 188, 192 (Tex. App. 1990). Under the First Amendment, members of the public have no constitutional right to "a government audience for their policy views." *Minnesota State Bd. for Cmty. Colleges v. Knight,* 465 U.S. 271, 286 (1984). However, filing a complaint in court is a form of petitioning. *McDonald v. Smith*, 472 U.S. 479, 484 (1985). The Court must let Plaintiff's right to petition claim proceed for reasons similar to those which mandate that Plaintiff's open courts claim can proceed. The right to redress grievances in court is implicated by both the open courts provision and the right to petition. *Finlan v. Dallas Indep. Sch. Dist.*, 90 S.W.3d 395, 410 (Tex. App. 2002). If e-filing fees unreasonably interfere with a litigant's right of access to the

courts, then those fees would be unconstitutional under the Texas Constitution. The Court finds that Plaintiff has alleged a plausible claim for relief.

### C. Texas Theft Liability Act

Plaintiff alleges that Defendant committed theft by "unlawfully appropriating property with the intent to deprive the owner of property." Tex. Penal Code § 31.03. Specifically, Plaintiff claims that Defendant appropriated property without effective consent because Plaintiff was induced by deception or coercion. Tex. Penal Code Ann. § 31.03(b)(1) ("appropriation of property is unlawful if it is without the owner's effective consent").

Plaintiff's claim fails because she knowingly consented to e-filing fees. She was aware of two other options for filing and chose to e-file. Plaintiff makes a number of arguments related to her theft claim. First, Plaintiff alleges that the District Court Clerk unlawfully rejected her documents. As noted above, however, Defendant did not cause the Clerk's actions. *Del Lago Partners, Inc. v. Smith,* 307 S.W.3d 762, 774 (Tex. 2010), citing *Lee Lewis Constr., Inc. v. Harrison,* 70 S.W. 3d 778, 784 (Tex. 2001). Second, Plaintiff alleges that Defendant threatened Plaintiff, because she was told she had to pay fees or would be reported to the bar and the presiding judge. However, once Plaintiff opted to use the e-filing service, she was aware of the fees that would be imposed. It is important to note that Plaintiff's counsel filed Plaintiff's pleadings and paid the e-filing fees. Plaintiff's counsel, as a member of the legal profession, was familiar with the fact that he would have to pay e-filing fees once he chose to e-file his client's case. Plaintiff, through her counsel, was not deceived into e-filing—and indeed

promptly objected to the fees soon after e-filing. Because Plaintiff chose to e-file, she does not have a valid claim under § 31.03.

Finally, Plaintiff also claims that Defendant misrepresented itself as a governmental actor, and coerced her into turning over fees. However, Plaintiff does not point to any specific acts or statements by Defendant misrepresenting itself. Plaintiff simply concludes that "LexisNexis holds itself out as a public servant." (Compl. ¶59.) Conclusory allegations are not sufficient to survive a 12(b)(6) motion.

### D. Texas Business and Commerce Code

Plaintiff alleges two possible causes of action under the Texas Business and Commerce Code, §§ 15.05(a) and 15.05(b). Chapter 15 concerns monopolies, trusts and conspiracies in restraint of trade. Specifically, § 15.05 states that every contract, combination, or conspiracy in restraint of trade or commerce is unlawful.

Defendant first states that Plaintiff has no standing to bring a claim under § 15.05 because Plaintiff's counsel, rather than Plaintiff, incurred the e-filing charges. To be a proper plaintiff, the party asserting the antitrust claim must be a direct purchaser. *Abbott Labs., Inc. v. Segura,* 907 S.W.2d 503, 505-507. In *Abbott,* the plaintiff was a consumer purchaser of infant formula, rather than a manufacturer, and thus lacked standing. The court reasoned that it was very difficult in such a case to determine the "proper apportionment of pass-on antitrust charges" to the consumer. *Abbott Laboratories, Inc. (Ross Laboratories Div.) v. Segura*, 907 S.W.2d 503, 506 (Tex. 1995) *citing Illinois Brick Co. v. Illinois*, 431 U.S. 720, 744, 97 S. Ct. 2061, 2074, 52 L. Ed. 2d 707 (1977). The pass-on charge referenced by the *Abbott* court was the illegal overcharge that would be presumably passed on from the direct purchaser to later

15

consumers. Because direct manufacturers may have absorbed part of the overcharge, the calculation would be very difficult. The court also reasoned that allowing both direct and indirect purchasers to recover overcharge damages would expose antitrust defendants to duplicate damages for the same injury. *Id.*

In contrast, Plaintiff and Plaintiff's counsel in this case are not two separate entities as a manufacturer and consumer are. Plaintiff's counsel essentially acts as Plaintiff's agent in filing pleadings and paying the related e-filing fees. The e-filing charges are very clearly and directly passed on without the issue of calculating the "pass-on" charge that the *Abbott* court contemplated, and there is no concern of the collection of duplicate damages. Thus, Plaintiff has standing to bring a claim under §§ 15.05(a) and 15.05(b).

Under Section 15.05(a), every contract, combination, or conspiracy in restraint of trade or commerce is unlawful. Plaintiff alleges that Defendant's restrictive practices are illegal per se, or in the alternative, an unreasonable restraint upon competition. For the reasons previously noted by this Court in *McPeters v. Edwards*, there are a number of reasons why Defendant's e-filing fees may be illegal per se. *McPeters v. Edwards*, 806 F. Supp. 2d at 991. First, the fees charged by Defendant were not specifically approved. (Ex. 2 to Judge Edwards's Mot. to Dismiss 2d. Am. Compl., Doc. No. 56–2.) The Texas Government Code provides that rules and procedures regulating the use of electronic filing systems, including local rules, must be approved by the Texas Supreme Court. Tex. Govt. Code §§ 51.803, 51.807 (Vernon's 2005). While the e-filing system was approved by the Texas Supreme Court, the specific amounts charged by Defendant have not been approved. Second, it is not clear whether the district court clerk may

16

delegate fee-setting authority to a private company. Thus, there is a plausible claim that Defendant's practices are illegal per se.

In the alternative to illegality per se, Plaintiff argues that Defendant's practices are an unreasonable restraint, § 15.05(a), or a monopoly, § 15.05(b). Plaintiff has alleged that Defendant's contract was approved in circumvention of the competitive bidding requirements imposed under the Texas Local Government Code, § 262.021. Defendant states in its Motion that Plaintiff has not shown that the alleged contract has an adverse effect on competition in the relevant market. If competitive bidding requirements were circumvented, that would be an adverse effect on competition. Thus, Defendant's Motion with respect to § 15.05(a) and § 15.05(b) is denied.

### E. Civil Conspiracy

Plaintiff pleads civil conspiracy among Defendant, Montgomery County, Judge Fred Edwards, and Barbara Adamick, the Montgomery County District Clerk. The Court recognizes that Plaintiff's civil conspiracy claim is a derivative claim that would need to be dismissed if the Court had dismissed all other tort claims. *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex.1996). Because Defendant's Motion is only granted in part, however, and Plaintiff still has claims upon which to base an allegation of conspiracy, it is incumbent on the Court to consider it.

Even with the most generous reading of Plaintiff's claim, she cannot establish that Defendant and the other parties had a meeting of minds to commit an unlawful act. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983). *See also Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex.1996) (holding "an actionable civil conspiracy requires specific intent to agree to accomplish an unlawful purpose or a lawful purpose

by unlawful means.") Even if Judge Edwards, Montgomery County, and Barbara Adamick were parties who contributed to the collection of Plaintiff's e-filing fees because of their roles in the judicial system, Plaintiff has not put forward any facts plausibly explaining how a meeting of the minds occurred among them to commit an unlawful act. Plaintiff has not referred to any portion of the contract between Montgomery County and the Defendant demonstrating a meeting of the minds for an illegal purpose. Plaintiff has not set out a plausible claim for relief based on civil conspiracy in her complaint, and thus, the Court must grant Defendant's Motion.

**III. Conclusion**

For the reasons stated above, Plaintiff's unconscionability claim under the DTPA, open courts, right to petition, and monopoly claims under the Texas Constitution, and both claims under the Texas Business and Commerce Code survive the Motion to Dismiss. Plaintiff's false, misleading, or deceptive conduct claim under the DTPA, her equal rights, takings clause, and due course of law claims under the Texas Constitution, the Texas Theft Liability Act claim, and the Civil Conspiracy claim are all dismissed. Defendant's Motion to Dismiss is therefore **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**

**SIGNED** this the 3rd day of October, 2012.

_____
**KEITH P. ELLISON
UNITED STATES DISTRICT COURT JUDGE**